In re **RETURN OF McKEAN COUNTY TAX CLAIM BUREAU OF THE TAX SALE HELD ON SEPTEMBER 11, 1995.**

### Appeal of Ernest and Judith SANDBERG.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 9, 1997.

Decided Oct. 7, 1997.

Joseph M. Marasco, Bradford, for appellants.

No appearance entered for appellee.

Before KELLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge

SILVESTRI, Senior Judge.

Ernest and Judith Sandberg (Sandbergs) appeal from an order of the Court of Common Pleas of McKean County (trial court) which dismissed the Sandbergs' exceptions and confirmed the upset tax sale of their property by the McKean County Tax Claim Bureau (Bureau).[1]

The Sandbergs reside at 583 27th Avenue SW, Vero Beach, Florida. The Sandbergs also own approximately six acres of property in Wetmore Township, McKean County, Tax Map No. 30–005–528.2. The Bureau had scheduled a tax sale of the property for September 11, 1995 to satisfy delinquent property taxes for the 1993 tax year.[2] On September 6, 1995, the Sandbergs contacted the Bureau by phone after learning of the impending sale and were informed by the Bureau that the amount owing was $489.60. On September 8, 1995, the Bureau received a check from the Sandbergs in the amount of $139.60. The Bureau did not accept the check as partial payment of the taxes due and returned the check to the Sandbergs. The property was sold on September 11, 1995 for the sum of $9,000.00.

On October 18, 1995, the Sandbergs filed exceptions to the sale of the property. Despite admitting that the Bureau had notified them in a timely fashion that their property would be sold for delinquent taxes on the scheduled sale date, the Sandbergs alleged that the sale should be set aside because the Bureau failed to notify them of an option to enter into an agreement to make installment payments on the remaining balance of the property taxes due since they had paid more than twenty-five percent (25%) of the total amount of back taxes.[3] A hearing was held before the trial court on December 22, 1995 at which Nancy K. Olinger (Olinger), the Bureau's director, testified; the Sandbergs were not present but were represented at the hearing by counsel. The trial court concluded that the Tax Sale Law did not impose upon the Bureau the duty to 1) notify the owners of their right to make installment payments, or 2) accept a partial payment. By order dated December 12, 1995, trial court dismissed the Sandbergs' exceptions and confirmed the tax sale of their property.

On January 23, 1996, the Sandbergs filed a motion for reconsideration and stay of the tax sale. The Sandbergs alleged therein that the Bureau had failed to provide proper notice because the return receipt produced at the December 22, 1995 hearing was signed by Ed Bebe (Bebe) who was not an owner or

---

1. By order of this Court, dated July 31, 1997, the Bureau was precluded from filing a brief.

2. The Sandbergs also own property located on Highland Road in the Borough of Kane, McKean County, Tax Map No. 30–005–528.4. This property was also listed for tax sale to satisfy delinquent property taxes for the 1993 tax year. On September 8, 1995, the Sandbergs paid the delinquent taxes in full and the property was removed from the sale. Even though it is identified by the Sandbergs as being the land in question, said property is not the subject of this appeal.

3. Section 603 of The Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.603, provides, in pertinent part, as follows:

> Any owner or lien creditor of the owner may, *at the option of the bureau,* prior to the actual sale, (1) cause the property to be removed from the sale by payment in full of taxes which have become absolute and of all charges and interest due on these taxes to the time of the payment, or (2) enter into an agreement, in writing, with the bureau to stay the sale of the property upon payment of twenty-five per centum (25%) of the amount due on all tax claims and tax judgments filed or entered against such property and the interest and costs on the taxes returned to date.... (Emphasis added).

reputed owner of the subject property.[4] By order dated February 1, 1996, the trial court did not expressly grant reconsideration but did schedule a hearing on the motion for March 22, 1996. At the hearing, counsel for the Bureau made an oral motion to dismiss the Sandbergs' motion as being untimely. The trial court denied the Bureau's motion to dismiss and treated the Sandbergs' motion as a request to reopen the hearing on the basis of after discovered evidence.[5] The Sandbergs were present and testified at the March 22, 1996 hearing; Olinger testified on behalf of the Bureau. Ernest Sandberg testified that he had called the Bureau on September 6, 1995 and was told of the total amount of taxes due.

By order of August 29, 1996, the trial court dismissed the Sandbergs' exceptions and confirmed the tax sale. In its opinion filed in support thereof, the trial court concluded that the tax sale should be confirmed for the following reasons: 1) any deficiency in the notice mandated by Section 602(e)(1) of the Tax Sale Law was cured by the Bureau's compliance with the notice requirements of Section 602(e)(2) of the Tax Sale Law[6], and 2) the Sandbergs had actual knowledge of the impending tax sale.

On appeal here[7], the Sandbergs argue that the trial court erred in determining that the formal requirements of notice need not be strictly met because they had actual notice of the sale. In so arguing, the Sandbergs assert that the trial court erred in relying on *Tax Sales By the Tax Claim Bureau of Dauphin County*, 651 A.2d 1157 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 544 Pa. 650, 664 A.2d 978 (1995), wherein this Court held that where an owner occupant is served with notice pursuant to Section 601(a)(3) the Tax Sale Law, 72 P.S. § 5860.601(a)(3)[8], the fact that the secondary notice provided for in Section 602(e)(2) of the Tax Sale Law is not given, will not vitiate the sale. In so concluding, this Court noted that our caselaw establishes the presumption that when actual notice is established, formal requirements of notice need not be strictly met. *Id.* at 1160, *citing Casaday v. Clearfield County Tax Claim Bureau*, 156 Pa.Cmwlth. 317, 627 A.2d 257 (1993); *Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties: Hass*, 96 Pa.Cmwlth. 452, 507 A.2d 1294 (1986), *petition for allowance of appeal denied*, 514 Pa. 640, 523 A.2d 346 (1987); *Northrup v. Penn-*

---

4. Section 602(e)(1) of the Tax Sale Law, 72 P.S. § 5860.602(e)(1), provides as follows:
   (e) In addition to such publications, similar notice of the sale shall be given by the bureau as follows:
   (1) At least thirty (30) days before the date of the sale, by United States certified mail, *restricted delivery*, return receipt requested, postage prepaid, to each *owner* as defined by this act. (Emphasis added).
   *See also* Section 102 of the Tax Sale Law, 72 P.S. § 5860.102 for a definition of "owner."

5. The Sandbergs alleged that, because they were not present at the December 22, 1995 hearing, their counsel was unaware that Bebe was not authorized to sign on their behalf.

6. Section 602(e)(2) of the Tax Sale Law provides as follows:
   (2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least *ten (10) days* before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, *proof of mailing*, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making

return the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office. (Emphasis added).
72 P.S. § 5860.602(e)(2). The trial court, herein, found that there was uncontradicted evidence that a ten (10) day notice was sent to the Sandbergs.

7. Our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision in the absence of supporting evidence, or clearly erred as a matter of law. *Ganzer v. Erie County Tax Claim Bureau*, 163 Pa.Cmwlth. 522, 641 A.2d 1261, *petition for allowance of appeal denied*, 540 Pa. 587, 655 A.2d 517 (1994).

8. Section 601(a)(3) of the Tax Sale Law, 72 P.S. § 5860.601(a)(3), provides, in pertinent part, as follows:
   (3) No *owner-occupied property* may be sold unless the bureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by *personal service*. ... (Emphasis added).

**286**

sylvania Game Commission, 73 Pa.Cmwlth. 389, 458 A.2d 308 (1983).

 The Sandbergs assert that *Dauphin County* is not applicable simply because it involved the sale of owner-occupied property and there was evidence that the owner occupant was personally served notice. The Sandbergs, however, concede that the notice requirement to an "owner occupant" is more demanding than to an "owner" since Section 602(e)(2) of the Tax Sale Law does not require that the notice be received, only that it be sent.[9] Since this Court has already determined that formal requirements of notice need not be strictly met where the owner occupant has actual notice, it logically follows that the same reasoning is applicable to owners who likewise have actual notice of an impending tax sale. The trial court, therefore, did not err in relying on *Dauphin County*.

While conceding that they had actual notice of the impending tax sale of their property, the Sandbergs direct attention to the fact that they learned of it only five days before the sale; the Sandbergs, however, fail to assert that the timing of when they learned of the impending tax sale in any way prevented them from paying the delinquent taxes in full. Since it is undisputed that the Sandbergs had actual knowledge of the impending tax sale, we conclude that they were not deprived of their right to due process.

Accordingly, the order of the trial court dismissing the Sandbergs' exceptions and confirming the tax sale of their property will be affirmed.[10]

### ORDER

AND NOW, this 7th day of October, 1997, the order of the Court of Common Pleas of

McKean County, dated August 29, 1996, is affirmed.

---

9. Section 601(a)(3) of the Tax Sale Law, 72 P.S. § 5860.601(a)(3), requires that the owner occupant receive notice of the impending tax sale by means of personal service. In *Dauphin County*, this Court determined that the distinction between "owners" and "owner occupants" was made because of the legislature's heightened concern for owner occupants being divested of the very property in which they are residing. *Id.* at 1159.

10. Having determined that the Sandbergs had actual notice of the impending tax sale of their property, we need not address their other argument that the Bureau failed to provide adequate "proof of mailing" as mandated by Section 602(e)(2) of the Tax Sale Law, 72 P.S. § 5860.602(e)(2).