**1999 TAX CLAIM BUREAU OF CONSOLIDATED RETURNS.**

### Appeal of Charles O'Neill and Marie O'Neill.

Commonwealth Court of Pennsylvania.

Argued March 5, 2003.
Decided April 2, 2003.

---

James A. Pruyne, Towanda, for appellant.

Kenneth R. Levitzky, Dushore, for appellee.

Before COLINS, President Judge, SMITH–RIBNER, J., PELLEGRINI, J., FRIEDMAN, J., COHN, J., SIMPSON, J., and LEAVITT, J.

OPINION BY Judge COHN.

This is an appeal from an order of the Forty–Fourth Judicial District, Sullivan County Branch, denying the exceptions filed by Charles and Marie O'Neill and confirming a tax claim sale held September 10, 2001.

Charles and Marie O'Neill, as husband and wife, were owners of two parcels of property in Hillsgrove Township, Sullivan County. During the 1990s, because of health problems, they became delinquent on their real estate taxes. The O'Neills separated in February 1999 and Marie moved from the marital home in Philadelphia to Brookhaven, Pennsylvania. She admitted that she did not notify the Director of the Sullivan County Tax Claim Bureau (Bureau) of her change of address. She did, however, file a change of address with the postal service and also notified "someone," perhaps the tax collector, of her address change.

In March 2000, the Bureau sent a "Notice of Return and Claim" advising of unpaid taxes for 1999, by certified mail to "O'Neill Charles J. et ux" at the Philadelphia address. It was returned as unclaimed. Another notice, using the same addressee, was mailed to the Philadelphia address by regular mail. Neither mailing was sent to Marie's address in Brookhaven.

On July 18, 2001, the Bureau mailed a notice of tax sale addressed in the same manner. That notice was sent by certified mail and was returned unclaimed. Again, no notice was mailed to Marie in Brookhaven.

Although Marie had not received notice of the tax sale, she was aware that taxes were due on the property and had mailed a partial payment to the Bureau, which had been received on or about August 16, 2001. Over the Labor Day weekend in 2001, Charles, who maintains he had received no notices from the Bureau, was in Sullivan County and saw the notice of sale posted on the property. Upon his return on September 4th or 5th, he called Marie and told her about the pending sale. This was the first Marie knew of it. She promptly called the Bureau on September 4th or 5th, to find out the balance due and then placed a check in the mail, which was postmarked September 6. Unfortunately, the check did not reach the Bureau until September 12, 2001 and the sale had been held on September 10, 2001.

The O'Neills filed timely exceptions to the order approving the sale on the basis that the Bureau had failed to adhere strictly to the notice provisions appearing in the Section 602 of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947 P.L. 1368, *as amended,* 72 P.S. § 5860.602.

The trial court denied the exceptions and this appeal followed.

On appeal, our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision in absence of supporting evidence, or clearly erred as a matter of law. *Appeal of Sandberg,* 701 A.2d 283 (Pa. Cmwlth.1997). The O'Neills argue, here, that the notice of tax sale given by the Bureau was insufficient when it was mailed only to Charles and no notice of sale was mailed to Marie, a co-tenant under the deed. They also argue that the trial court erred in concluding that Marie had received a certified mailing of the notice of tax sale.

As previously noted, the O'Neills rely on Section 603 of the Tax Sale Law. The provisions therein deal with the mailing of various notices to owners of property where real estate taxes are in arrears and sale of the property is possible. While, in general, the notice provisions of the Tax Sale Law are strictly construed in favor of landowners, our case law also establishes a presumption that, where actual notice is established, the formal requirements of notice need not be strictly met. *Sandberg.* In *Sandberg,* the record owners had *actual* notice of the impending sale five days prior to its occurrence. Based upon this fact, Judge Silvestri concluded that the trial court had properly dismissed the exceptions and confirmed the sale.

The O'Neills distinguish the *Sandberg* case on the basis that, there, the ten-day notice required in Section 602(e)(2) of the Tax Sale Law was sent. That, however, was not the basis for the decision; rather, it was the fact that the owners had actual notice of the sale, even though it was only five days prior to the sale, and did not "assert that the timing of when they learned of the impending tax sale in any way prevented them from paying the delinquent taxes in full." *Id.* at 286. In fact, after learning of the sale, the Sandbergs did send a partial payment to the Bureau that was received prior to the sale. However, because they did not pay the taxes in full, the sale went on.

Our careful review of the record reveals that the same cannot be said about this case. Even actual notice may not be sufficient if it is not received in time for one to make payment of the taxes. Here, Marie attempted to make payment of the taxes in full and, in fact, the envelope in which she mailed the payment was postmarked prior to the sale. It was not received by the Bureau before the sale; thus, we believe that the "timing of when they learned of the impending tax sale" **did** "prevent them from paying the delinquent taxes in full." While payment of the taxes in person or by overnight mail by Marie could have resulted in timely payment, it is not reasonable of the Bureau to place this additional burden on owners of property by virtue of the Bureau's failure to provide timely notice.

Accordingly, we reverse the trial court's order.[1]

### ORDER

**NOW,** April 2, 2003, the order of the Forty–Fourth Judicial District, Sullivan County Branch, in the above-captioned matter is hereby reversed.

---

1. We do agree with the O'Neills that the trial court erred in finding that Marie had received a certified notice of the sale. There is no evidence of this. However, because of our disposition, the error is harmless.