**CITY OF PHILADELPHIA**

v.

**Marion SCHAFFER, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 23, 2009.

Decided March 27, 2009.

Reargument Denied May 21, 2009.

Publication Ordered May 27, 2009.

Alan Nochumson, Philadelphia, for appellant.

Melanie J. Levin, Philadelphia, for appellee.

Louis I. Lipsky, Philadelphia, for intervenor, Justin L. Krik.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Marion Schaffer (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), denying her motion to set aside a Sheriff's sale. The trial court also later denied a motion by Appellant for reconsideration. We now reverse.

Appellant was the owner of real property located at 116 Fitzgerald Street in the City of Philadelphia (the City). Appellant had become delinquent with respect to the real estate taxes on this property, with said taxes having been delinquent for a number of years (2000–2006) and totaling in excess of $13,000 (including interest, penalties, attorney fees and lien costs). On August 31, 2007, the City filed an amended tax claim against Appellant. On September 12, 2007, the trial court issued a rule to show cause why a decree should not be entered permitting the sale of the property due to the delinquent real estate taxes. A rule returnable hearing was scheduled for December 11, 2007. On December 5, 2007, the City filed an affidavit of service indicating that the rule to show cause and order scheduling the rule returnable hearing was served on Appellant via certified and regular mail on November 2, 2007.

The trial court proceeded with the rule returnable hearing on December 11, 2007. Appellant did not respond to the rule to show cause nor did she appear at this hearing. Following the hearing, the trial court issued a decree directing that the property be sold by the Sheriff on December 19, 2007, free and clear of all claims, liens, mortgages, ground rents, charges and estates. On December 19, 2007, the property was sold at a tax sale to Justin Krik (Purchaser). On December 21, 2007, ten days after the trial court issued its decree, the City filed an affidavit from the Sherriff attesting that the property itself was posted with a copy of the tax claim petition and rule to show cause on October 13, 2007. On January 8, 2008, the City filed an affidavit of service of the decree on Appellant by first-class mail.

On January 18, 2008, Appellant filed a motion to set aside the Sheriff's sale, alleging that the City failed to provide her with reasonable notice of the tax sale in violation of Pa. R.C.P. No. 3129.2. More specifically, Appellant alleged that the City failed to provide her with notice of the tax sale thirty days prior thereto in accordance with Pa. R.C.P. No. 3129.2(c) and failed to follow the publication requirements as set forth in Pa. R.C.P. No. 3129.2(d) (relating to publication once a week for three successive weeks in a newspaper of general circulation in the county and in the legal publication).

Appellant attached to her motion the affidavit of her nephew, James Mackin, Jr., and the affidavit of his wife, Margaret Joyce Mackin. In their affidavits, the Mackins alleged that Appellant was an elderly woman in poor health and that they handled her business affairs. The Mackins noted that upon receipt of notice of a

tax lien on the property, Mrs. Mackin called the City and they arranged and did in fact pay a portion of the lien. They also requested an application for financial hardship from the law firm representing the City in September of 2007. The Mackins allege that they did not receive such application until November of 2007 and promptly returned the same on November 7, 2007 (Appellant attached to her motion to set aside a copy of this application with her signature dated November 5, 2007).[1] Upon subsequent contact with the law firm representing the City, the Mackins allege that they were informed that Appellant's application was under review, that, if approved, a payment agreement would be sent in the mail and that, despite a notice in the Philadelphia Daily News on December 13, 2007, the property had not been turned over to the Sheriff for a tax sale.

Mr. Mackin further alleged that during a phone conversation with the City's real estate office on December 17, 2007, he was assured that Appellant's property was not on the tax sale list. The Mackins note that another relative retrieved a letter from the property in January of 2008, which letter was dated December 13, 2007, and postmarked December 17, 2007, advising Appellant of the trial court's December 11, 2007, decree directing that the property be sold on December 19, 2007 (Appellant attached to her motion to set aside a copy of this notice and the envelope containing the same).

The City filed an answer to Appellant's motion to set aside. Purchaser thereafter intervened before the trial court and filed an answer to Appellant's motion. By opinion and order dated February 27, 2008, the trial court denied Appellant's motion to set aside the Sheriff's sale. The trial court

---

1. A brochure that accompanies the application does include a statement that a party "may be able to postpone a Sheriff's sale of [their] home one time for 60 days." Nevertheless, this application does not state that it acts as a stay of any impending tax sale.

noted that Appellant admitted that she received notice of the rule to show cause and the rule returnable hearing scheduled for December 11, 2007. The trial court indicated that the City was exempted from having to comply with Pa. R.C.P. No. 3129.2.

Instead, the trial court indicated that the City was obligated to comply with the requirements set forth in what is referred to as the Municipal Claims and Tax Liens Act (Tax Liens Act), Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. §§ 7101–7505. The trial court noted that, pursuant to Section 39.2(a) of the Tax Liens Act, added by the Act of December 14, 1992, P.L. 859, *as amended,* 53 P.S. § 7193.2(a), cities of the first class, such as the City herein, must provide notice by posting the property with a copy of the petition and rule to show cause and serving the same on a property owner via first-class and registered mail. Additionally, the trial court noted that Section 39.2(c) of the Tax Liens Act, 53 P.S. § 7193.2(c), requires the City to serve the property owner via first-class mail with notice of the decree ordering a tax sale, together with the time, place and date of the sale. The trial court noted that Appellant acknowledged that the notice required under Section 39.2(c) was mailed to her at the latest by December 17, 2007, and that she was not at the residence at that time.[2] The trial court concluded that Appellant failed to establish

that the City did not comply with the appropriate statutory notice requirements.[3]

Appellant filed a notice of appeal with the trial court. Purchaser thereafter filed an application for intervention, and the application was granted by order of this Court dated June 16, 2008.

■ On appeal,[4] Appellant argues that the trial court erred as a matter of law and abused its discretion in concluding that the City complied with the statutory notice requirements. We agree.

Section 39.2 of the Tax Liens Act provides, in pertinent part, as follows:

(a) In cities of the first class, notice of a rule to show cause why a property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under section 31.2 of this act shall be served by the claimant upon owners, mortgagees, holders of ground rents, liens and charges or estates of whatsoever kind as follows:

(1) By posting a true and correct copy of the petition and rule on the most public part of the property;

(2) By mailing by first class mail to the address registered by any interested party pursuant to section 39.1 of

2. Hence, the trial court indicated that Appellant cannot allege that she did not receive it prior to the tax sale.

3. Appellant filed a motion for reconsideration with the trial court, but the same was denied by order dated April 3, 2008. Nevertheless, in this motion, Appellant noted that, on January 29, 2008, she received a financial hardship payment plan agreement from the City's legal department. Appellant attached to this motion a copy of said agreement with an accompanying letter from the City's tax enforcement administrator. The agreement ap-

pears to have been executed by Mr. Mackin, on behalf of Appellant as her power of attorney, on February 20, 2008.

4. Our scope of review of an order denying a petition to set aside a tax sale of real property is limited to determining whether the trial court abused its discretion, rendered a decision unsupported by the evidence or erred as a matter of law. *McElvenny v. Bucks County Tax Claim Bureau,* 804 A.2d 719 (Pa.Cmwlth. 2002), *petition for allowance of appeal denied,* 572 Pa. 768, 819 A.2d 549 (2003).

this act a true and correct copy of the petition and rule; and

(3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the city shall mail by first class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule. Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. **The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.**

. . .

(c) Notice of the court's decree ordering a tax sale, together with the time, place and date of the sale, shall be served by first class mail on all parties served with the petition and rule, on any parties whose interest appeared of record after the filing of the petition but before the court's decree and on any creditor who has obtained judgment against the owner of the premises prior to the date of the decree. **The city shall file an affidavit of service of these notices prior to the date of the sale.**

53 P.S. § 7193.2(a)(1)–(3), (c) (emphasis added). Admittedly, this Court has previously excused a tax claim bureau's failure to meet the technical notice requirements of a similar statute, the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803, when a property owner has actual notice of an impending tax sale. *See, e.g., Sabbeth v. Tax Claim Bureau of Fulton County,* 714 A.2d 514 (Pa.Cmwlth.1998), *petition*

*for allowance of appeal denied,* —— Pa. ——, —— A.2d —— (No. 818 M.D. Alloc. Dkt.1998, filed April 13, 1999); *In re: Return of McKean County Tax Claim Bureau,* 701 A.2d 283 (Pa.Cmwlth.1997); *In re Tax Claim Bureau of Lehigh County,* 96 Pa.Cmwlth. 452, 507 A.2d 1294 (1986), *petition for allowance of appeal denied,* 514 Pa. 640, 523 A.2d 346 (1987).

Despite the characterization of the present case as involving a failure of the City to comply with the notice requirements of the Tax Liens Act, this case is more properly characterized as involving the failure of the City to follow the mandatory procedural requirements as set forth in Section 39.2 of the Tax Liens Act. Undoubtedly, these procedural requirements were enacted by the General Assembly as a safeguard to ensure that a city has taken all of the appropriate steps prior to depriving a person of his/her right to real property.

In this regard, Section 39.2 sets forth a specific timeline the City must follow such that the trial court could ensure that the property was posted in the appropriate manner and that all notices were sent to the proper parties, including notice of the decree directing that a tax sale will occur at a specified time, place and date. The City does not and, indeed, cannot dispute that it failed to follow the procedural requirements with respect to the filing of affidavits relating to the posting of the property and service of the trial court's decree.

As noted above, with respect to posting, Section 39.2(a) of the Tax Liens Act requires that an affidavit of service be filed with the trial court "prior to seeking a decree ordering the sale of the premises." 53 P.S. § 7193.2(a). While the City filed an affidavit on December 5, 2007, relating to service of the rule to show cause and order scheduling the rule returnable hearing, which was prior to it seeking a decree

at the rule returnable hearing on December 11, 2007, the City did not file an affidavit relating to posting until December 21, 2007, ten days after issuance of the decree.[5] We disagree with the trial court to the extent that it concluded that the date of posting in this affidavit, i.e., October 13, 2007, was sufficient to overcome any deficiency with respect to the entry of the affidavit in the docket. This conclusion by the trial court simply ignores the underlying purpose of Section 39.2.

With respect to notice of the decree, Section 39.2(c) requires that an affidavit of service be filed "prior to the date of the sale." 53 P.S. § 7193.2(c). In this case, the trial court issued its decree on December 11, 2007, directing that Appellant's property be sold eight days later, at the December 19, 2007, tax sale. The City did not file an affidavit of service relating to this decree until January 8, 2008, twenty days *after* the tax sale. While Appellant acknowledges receipt of notice of the decree, which was dated December 13, 2007, she indicates that the envelope containing this notice was postmarked December 17, 2007, only two days prior to the sale. The trial court stresses such actual notice by Appellant in its opinion. Nevertheless, this notice does not satisfy the specific procedural requirement of Section 39.2(c). Again, any conclusion to the contrary simply ignores the underlying purpose of Section 39.2.

Moreover, while not determinative to the ultimate outcome, we note the following peculiarities of this case. When filing her motion to set aside the Sheriff's sale with the trial court, Appellant attached the affidavits of her nephew and his wife, Mr. and Mrs. Mackin, who were handling her affairs at the time in question.[6] The City does not appear to have objected to these affidavits and the trial court makes no specific findings regarding the allegations contained therein. Nonetheless, in these affidavits, Mr. and Mrs. Mackin indicated that they were repeatedly advised by different representatives of the City that Appellant's property would not be exposed to the tax sale on December 19, 2007. Additionally, Mr. and Mrs. Mackin indicated that they acquired an application for financial hardship from the City's legal representative and assisted Appellant with completing the same.[7]

For the reasons stated above, the order of the trial court is reversed.[8]

### ORDER

AND NOW, this 27th day of March, 2009, the order of the Court of Common Pleas of Philadelphia County is hereby reversed.

---

5. We reject the City's argument that it was not required to file an affidavit relating to posting. In its brief to this Court, the City avers that Section 39.2(a) merely requires the filing of a single affidavit and that such requirement was met with the filing of its affidavit on December 5, 2007. However, the City's own actions belie such an averment, as the City proceeded to file an affidavit relating solely to the posting of the property.

6. The record indicates that Mr. Mackin was granted a power of attorney by Appellant.

7. When Appellant filed a motion for reconsideration with the trial court, she attached a copy of a letter from the City dated January 29, 2008, essentially indicating that she had been approved for the financial hardship program. This letter included a document entitled "Stipulated Judgment Against Defendant," which Appellant was required to sign and return with the first month's payment of $68.00.

8. Based upon our determination above, we need not reach Appellant's remaining arguments on appeal.