**CITY OF READING**

v.

**Arthur L. ZEIBER, Janice Lee Zeiber and Ramiro Castro Perez.**

**Appeal of Janice Lee Zeiber.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2012.

Decided Jan. 28, 2013.

John A. Fielding, III, Reading, for appellant.

Robert P. Daday, Allentown, for appellee City of Reading.

Alan B. Ziegler, Reading, for appellee Ramiro Castro Perez.

BEFORE: LEAVITT, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Janice Lee Zeiber (Appellant) appeals the April 20, 2012 order of the Berks County Court of Common Pleas (Trial Court) denying her Petition to Set Aside Sheriff's Sale of Real Property. Upon review, we reverse.[1]

On June 18, 2007, the City of Reading (City) filed a lien to recover back taxes on 427 North 12th Street, Reading, Pennsylvania (Property). At the time of filing,

---

1. This Court's scope of review of an order denying a petition to set aside a tax sale of real property is limited to determining whether the court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law. *McElvenny v. Bucks County Tax Claim Bureau*, 804 A.2d 719, 721 (Pa.Cmwlth.2002) (*en banc*).

Appellant and Arthur L. Zeiber were listed as the record owners of the Property.[2] On July 8, 2011, the Trial Court issued an order directing the Property to be sold at Sheriff's sale. (Order 7/8/2011, R.R. at 123a–124a.) This July 8, 2011 order followed approximately four years during which the City assiduously attempted to provide notice of the multiplying liens and afford process, which Appellant steadfastly ignored.[3] Following entry of the Trial Court's July 8, 2011 order, the Property was scheduled for Sheriff's sale on September 9, 2011. (Notice of Sheriff's Sale R.R. at 128a–129a; Proof of Postage, R.R. at 132a.) On September 9, 2011, the Reading, Pennsylvania area experienced historic flooding, forcing the Sheriff's office to continue the sale. (Hearing Transcript (H.T.) at 13–14, R.R. at 187a.) Notice of the continued sale was announced and posted at the September 9, 2011 sale and the Sheriff's website was updated to reflect the new date of October 7, 2011, as the date of sale for all properties that had been scheduled for sale on September 9, 2011. (*Id.*) Appellant did not attend the September 9, 2011 Sheriff's sale. (H.T. at 5, 14, R.R. at 185a, 187a.) Appellant was not notified by posting at her property, first class mail, or personal service that the September 9, 2011 Sheriff's sale had been continued until October 7, 2011. (H.T. at 14–16, R.R. at 187a.) At the October 7, 2011 Sheriff's sale, the Property was sold to Ramiro Castro Perez. (H.T. at 4–5, R.R. at 184a–185a; November 10, 2011 Sheriff's Writ of Execution Money Judgment, R.R. at 138a.)

On November 21, 2011, Appellant filed a Petition to Set Aside Sheriff's Sale of Real Property, alleging that the October 7, 2011 Sheriff's sale of the Property had not been conducted in accordance with the mandatory procedural requirements of Section 39.2(c) of the Municipal Claims and Tax Lien Act (MCTLA).[4] Section 39.2(c) of the MCTLA requires that:

> **Notice of the court's decree ordering a tax sale, together with the time, place and date of the sale, shall be served by first class mail on all parties served with the petition and rule,** on any parties whose interest appeared of record after the filing of the petition but before the court's decree and on any creditor who has obtained judgment against the owner of the premises prior to the date of the decree. **The city shall file an affidavit of service of these notices prior to the date of the sale.**

53 P.S. § 7193.2(c) (emphasis added).

The Trial Court denied Appellant's Petition in an April 20, 2012 order. The Trial Court reasoned in a subsequent opinion that the procedural requirements of Section 39.2(c) of the MCTLA, including proper notice and the filing of an affidavit of service, had been satisfied for the September 9, 2011 sale and therefore adherence was sufficient for the October 7, 2011 sale.

Appellant first argues that the language of Section 39.2(c) of the MCTLA requires that when a Sheriff's sale is continued, the record owner of a property scheduled for sale must be served by first class mail with notice of the time, place, and date of the continued sale and the city must file an

---

2. The Zeibers divorced in 2005. (Reproduced Record (R.R.) at 83a.) In the hearing transcript (R.R. 184a–192a), Appellant identifies herself as Janice Lee Sykes. The divorce decree, in the distribution of assets, lists Janice L. Zeiber as the sole and exclusive owner of the Property. (R.R. at 83a.)

3. See Appendix for a history of the City's service efforts.

4. Act of May 16, 1923, P.L. 207, *as amended*, Section 39.2 *added by* Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2(c).

affidavit of service of such notice prior to the date of the continued sale. 53 P.S. § 7193.2(c). Appellant argues that all the evidence of notice of the September 9, 2011 Sheriff's sale presented here is of no moment, because the sale was not actually held on September 9, 2011.

In support of this argument, Appellant relies on *City of Philadelphia v. Schaffer*, 974 A.2d 509, 512 (Pa.Cmwlth.2009), in which this Court examined Section 39.2 of the MCTLA and characterized it as containing, "mandatory procedural requirements ... enacted by the General Assembly as a safeguard to ensure that a city has taken all of the appropriate steps prior to depriving a person of his/her right to real property." In *Schaffer*, this Court specifically concluded that the city had failed to act in accordance with part (c) of Section 39.2 because, even though it did file an affidavit of service, it did not do so until twenty days after the sale, when the statute specifically mandates an affidavit of service must be filed prior to the date of sale. *Id.* at 513; *see also* 53 P.S. § 7193.2(c).

The situation here stands in stark contrast to the situation presented in *Schaffer*. Here, unlike *Schaffer*, the City did follow the mandatory procedural requirements contained in Section 39.2(c) of the MCTLA, including filing an affidavit of service on August 3, 2011. (Affidavit of Service 8/3/2011, R.R. at 126a.) Having satisfied the procedural requirements of the MCTLA necessary to proceed with a tax sale of the Property on September 9, 2011, the City was not required to do so again once the sale was continued. Instead, the City was obligated to comply with Pennsylvania Rule of Civil Procedure 3129.3(b), which establishes separate procedural requirements for instances where it becomes necessary to stay, continue, postpone or adjourn a tax sale. Pa. R.C.P.

No. 3129.3(b). However, Appellant next asserts that even if the Pennsylvania Rules of Civil Procedure control and the MCTLA does not, the sale is still invalid, because the City did not comply with Rule 3129.3(b) by announcing the new date of sale on September 9, 2011 when it sought to continue the Sheriff's sale.

Rule 3129.3(b) states:

If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred thirty days of the scheduled sale, notice of which sale was given as provided by Rule 3129.2, and public announcement thereof, **including the new date,** is made to the bidders assembled at the time and place fixed for the sale, no new notice as provided by Rule 3129.2 shall be required, but there may be only two such stays, continuances, postponements or adjournments within the one hundred thirty day period without new notice.

Pa. R.C.P. No. 3129.3(b) (emphasis added). There is nothing ambiguous in the language of Rule 3129.3(b); it requires that where it is necessary to continue a Sheriff's sale, the public announcement of the continuation must include the new date of sale.

The evidence in the record concerning the announcement made on September 9, 2011, about the continuation of the Sheriff's sale here, consists of the testimony of the real estate administrator of the Berks County Sheriff's Office, Jennifer DeFrees. The relevant testimony of Ms. DeFrees is as follows:

Q: What happened in terms of posting or advertising or of this continuance?
A: We—we consulted with our solicitor first, and he advised that we make an announcement at the sheriff's sale that day. So we had—myself and Rebecca, the assistant administrator, went over to the sheriff's sale, made an announce-

ment, a public announcement. We posted signage on the door of the auditorium, which is where the sale is normally conducted, to notify any plaintiffs or defendants that may come to the sale that it would be postponed. And we also updated our website to reflect the change.

Q: And then this—this—then the following month, was the property sold?

A: Yes, it was.

(H.T. at 13–14, R.R. at 187a.) Nowhere in her testimony does Ms. DeFrees establish that the City announced the October 7, 2011 new date of sale to the bidders assembled at the September 9, 2011 sale.

The City does not dispute that Rule 3129.3(b) requires the announcement of the new date of sale for a continuation to be valid, but does contend that the requirements of Rule 3129.3(b) should not be strictly construed. The City offered no record evidence to demonstrate that it complied with Rule 3129.3(b), but asserts that "anyone who had attended the sale would have known that all sales scheduled for that date had been postponed to October 7, 2011." (City's Brief at 10.) The City contends that the sale should stand because the purpose of Rule 3129.3(b) is to protect bidders and not debtors, and that having failed to attend the sale, Appellant was not prejudiced by the deficient announcement.

In support of its argument, the City cites *In re Taylor*, 207 B.R. 995 (Bankr. W.D.Pa.1997), *affirmed by Taylor v. Slick*, 178 F.3d 698 (3d Cir.1999), where a debtor-mortgagor sought to invalidate a Pennsylvania Sheriff's sale in bankruptcy proceedings claiming that, *inter alia*, he was not given proper notice of the sale of his property, which took place at a Sheriff's sale six days after an automatic stay by the bankruptcy court had been lifted. The District Court in *In re Taylor* concluded

that no new notice was required, because the Sheriff's sale that had previously been averted by the debtor-mortgagor's bankruptcy filing had been continued by public announcement, including the new date, in accordance with Rule 3129.3(b), and had taken place on the date announced after the stay had been lifted. *Id.* at 1002. In reaching its conclusion, the District Court stated "postponement is to assure notice to *bidders* at the sale of the time and place of the new sale." *Id.*

We agree, in part, with the Federal District Court that Rule 3129.3(b) is animated by a concern for the rights of bidders; however, we do not agree with the City that it follows that debtors have no interest in the notice requirements of the rule. Contrary to the City's contention, the requirements of Rule 3129.3(b) serve to protect the interest of bidders and debtors alike. In affirming the District Court in *Taylor v. Slick*, the Third Circuit Court of Appeals highlighted this dual concern, stating "[t]he debtor's true interest is to ensure that notice is given to potential bidders, rather than to ensure that the debtor receives notice, because the debtor is generally just a spectator who is concerned that the sale, whenever it may occur, brings the highest sale price possible." 178 F.3d at 704. While the debtor's interest is not the same as it is under the MCTLA, where the concern is that the debtor personally receives notice, the debtor maintains an interest in the notice requirements of Rule 3129.3(b), because notice in this context ensures that the largest possible pool of potential bidders is present for the sale. This interest is intertwined with that of bidders, for whom Rule 3129.3(b) ensures a fair, transparent process by providing notice to all bidders present at a continued sale of the new time and place of sale, thereby placing novice

and sophisticated bidders on the same footing.

■ Just as the mandatory procedural requirements of Section 39.2(c) of the MCTLA act as a safeguard to ensure that a city has taken all of the appropriate steps necessary prior to depriving a person of his or her right to real property, the procedural requirements of Rule 3129.3(b) work to ensure that a city's sale of that property is fair and efficient, and the clear language of the Rule must be construed as requiring an equally strict adherence to the procedural requirements contained within. While we recognize that the City was dealt a force majeure and do not dismiss the difficulty created by debtors like Appellant who seek every opportunity to avoid process, the City ignored the clear language of Rule 3129.3(b) and in doing so, failed to properly continue the September 9, 2011 Sheriff's sale to October 7, 2011. Accordingly, the Trial Court's dismissal of Appellant's Petition to Set Aside Sheriff's Sale of Real Property is reversed.

## *Appendix*

| Date | Document | Reproduced Record |
|---|---|---|
| June 18, 2007 | Tax Claim and Fee Schedule filed in Berks County Court of Common Pleas (Common Pleas) | 4a, 5a |
| July 30, 2007 | Certificate of service of Lien and Fee Schedule by first class mail | 6a |
| August 20, 2007 | Writ of Scire Facias | 8a |
| October 4, 2007 | Sheriff personally serves Writ on occupier and adult member of household, Randy Rogers, at Property | 10a |
| January 3, 2008 | Praecipe for Default Judgment filed in Common Pleas | 17a |
| January 3, 2008 | Affidavit of Service of Notice to Defendants of Lien by first class mail filed on December 4, 2007 | 18a |
| January 3, 2008 | Rule 236 Notice of Judgment entered against Arthur and Janice Zeiber for $1,391.17 | 22a |
| May 12, 2009 | Tax Claim for year 2007 filed in Common Pleas | 92a |
| June 4, 2009 | Tax Claim for year 2008 filed in Common Pleas | 93a |
| June 30, 2010 | Praecipe for Writ of Execution, total amount due $4,379.83 (judgment + costs/ fees) | 24a |
| June 30, 2010 | Writ of Execution | 25a |
| July 20, 2010 | Sheriff unable to effectuate personal service, posted Writ of Execution and Notice within the Property | 40a |
| July 25, 2010 | Private process server unable to effectuate personal service, returns Writ of Execution & Notice of Sheriff sale | 38a |
| September 10, 2010 | 1st Sheriff Sale Scheduled | 32a, 35a |
| September 22, 2010 | Motion for Alternate Service | 27a |
| September 27, 2010 | Order granting alternate service by certified and first class mail, as well as by posting on | 46a |

*Appendix*

| | | |
|---|---|---|
| | property, and directing all future notice to be served as such | |
| December 7, 2010 | Motion to Continue Sheriff Sale | 54a |
| December 10, 2010 | 2nd Sheriff's Sale Scheduled (continued) | 54a, 56a |
| December 10, 2010 | Order continuing Sheriff Sale until January 7, 2011 | 59a |
| January 7, 2011 | 3rd Sheriff Sale scheduled, 1st where property is actually exposed to sale | 62a, 64a |
| May 20, 2011 | Petition for Rule to Show Cause why property should not be sold free and clear | 61a |
| May 25, 2011 | Order issuing Rule to Show cause, returnable 30 days, w/ service by: 1) posting, 2) first class mail with certificate of mailing and certified mail with return receipt requested, 3) first class mail to all interested parties | 97a–98a |
| June 6, 2011 | Affidavit of Service of Posting on front door of Property the Petition to sell free and clear and Rule to Show Cause | 101a |
| July 6, 2011 | Motion to Make Rule Absolute | 115a |
| July 8, 2011 | Order exposing property to Sheriff's sale at time of City's choosing, to be sold free and clear, and allowing City to postpone sale at an additional time and return to Court for further relief; further ordering damages reassessed at $5, 498.82 | 123a–124a |
| July 13, 2011 | Notice of September 9, 2011 Sheriff's sale (first class mail return receipt requested) | 128a–129a, 132a |
| November 10, 2011 | Sheriff answer to Writ of Execution/Money Judgment recording sale of property to Ramiro Castro Perez | 138a |

## ORDER

AND NOW, this 28th day of January 2013, the April 20, 2012 order of the Berks County Court of Common Pleas in the above-captioned matter is REVERSED.