City of Philadelphia                          :
                                              :
            v.                                :
                                              :
Abu Saleh Sikder,                             :    No. 1308 C.D. 2017
                     Appellant                :    Argued:  November 13, 2018


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                        FILED:  December 19, 2018


            Abu Saleh Sikder (Sikder) appeals the August 17, 2017 order of the
Court of Common Pleas of Philadelphia County (trial court) denying his petition to
set aside the sheriff's sale of his property located at 132 North 49th Street,
Philadelphia (the Property), pursuant to the Municipal Claims and Tax Liens Act
(MCTLA).[1]  The trial court denied Sikder's petition as untimely and found that the
City of Philadelphia (the City) met the service requirements of the MCTLA.

            On June 2, 2016, the City filed a petition pursuant to Section 31.2 of
the MCTLA[2] for a rule to show cause why Sikder's property should not be sold at a

_____

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505.

[2] Section 31.2(a) of the MCTLA, added by Section 1 of the Act of March 15, 1956, P.L.
(1955) 1274, provides that:

sheriff's sale for unpaid real estate taxes (tax sale petition). Reproduced Record (R.R.) 6-16. On the same date, the trial court issued a rule returnable wherein it scheduled a hearing for August 10, 2016, ordered service of the tax sale petition and rule on Sikder and other interested parties, and provided Sikder with 15 days from the date of service of the tax sale petition to respond. R.R. 17. On July 13, 2016, the City filed with the trial court an affidavit of service indicating that Maxie Brown, a process server, posted the tax sale petition and rule on a fence at the Property on July 6, 2016 at 12:46 p.m. R.R. 18. The City also filed an affidavit of service showing that it mailed the tax sale petition and rule returnable via "first class mail, postage prepaid" upon Sikder and other interested parties at the registered address, as well as other addresses included on the tax information certificate. R.R. 19-20. Sikder did not respond to the tax sale petition or rule.

On August 11, 2016, the trial court entered a decree ordering that the Property be sold at a sheriff's sale to the highest bidder. R.R. 21. On November 7, 2016, the City served the decree and notice of sale to Sikder and other interested parties via "first[-]class mail, postage prepaid," to inform him that the property was to be sold on December 20, 2016. R.R. 22-25. The property was sold to Philadelphia

---

> [I]n cities of the first class, whenever a claimant has filed its tax or municipal claim in accordance with the requirements of this act, it may file its petition in the court in which the proceeding is pending, setting forth the facts necessary to show the right to sell, together with searches or a title insurance policy, showing the state of record and the ownership of the property, and of all tax and municipal claims, mortgages, ground rents or other charges on, or estates in, the land, as shown by the official records of the city or county, or the political subdivision in which the real estate is situate, and thereupon the court shall grant a rule upon all parties thus shown to be interested, to appear and show cause why a decree should not be made that the property be sold . . . .

53 P.S. § 7283(a).

2

Lotus LLC on December 20, 2017 for $12,000.00. R.R. 84. The sheriff's deed was acknowledged on February 8, 2017 and recorded on March 8, 2017. R.R. 84-87.

On June 14, 2017, Sikder filed a petition to set aside the sheriff's sale, which included a claim that the trial court did not make findings regarding the sufficiency of service before allowing the sheriff's sale to go forward. R.R. 26-28. The City answered and the trial court scheduled a hearing for August 16, 2017. R.R. 75-77 & 89. Before the trial court, Sikder argued that the court did not have authority to move forward with the sale, and, as a result, his petition to set aside the sale should proceed though untimely. R.R. 119. The trial court denied Sikder's petition to set aside the sheriff's sale. R.R. 103. Sikder timely appealed the trial court's decision to this Court.[3]

On appeal, Sikder argues, *inter alia*, that the trial court erred by failing to conduct an independent inquiry into whether the City strictly complied with the personal service requirements of the MCTLA. Sikder's Brief at 12 & 15. Though the City filed affidavits of service showing that it served the tax sale petition and rule to show cause on Sikder by first-class and certified mail, Sikder asserts that the City failed to "produce direct evidence" of the mailing, *i.e.*, a certificate of mailing or certified mailing receipt. Sikder's Brief at 15. The City counters that the trial court properly denied Sikder's request because Sikder did not timely file his petition to set aside the sheriff's sale as required by the MCTLA and because Sikder's claim of "insufficient notice" is subject to the statutory deadline.[4] City's Brief at 4.

---

[3] Our scope of review of an order denying a petition to set aside a tax sale of real property is limited to determining whether the trial court abused its discretion, rendered a decision supported by the evidence or erred as a matter of law. *City of Philadelphia v. Schaffer*, 974 A.2d 509, 511 n.4 (Pa. Cmwlth. 2009).

[4] At oral argument, the City contended that Sikder waived on appeal his claim that the trial court failed to conduct an independent inquiry. We disagree. In his petition to set aside the

3

Section 39.3 of the MCTLA provides the time frame in which a party may contest the validity of a sale as follows:

> All parties wishing to contest the validity of any sale conducted pursuant to section 31.2 of this act, *including the sufficiency of any notice*, and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the interest *within three months of the acknowledgement of the deed to the premises by the sheriff.*

Added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.3 (emphasis added).

Here, the sheriff's acknowledgment of the deed was filed on February 8, 2017. R.R. 84-87. The deadline to challenge the trial court's order was May 8, 2017, but Sikder did not file his petition to set aside the sheriff's sale until June 14, 2017, over a month late. R.R. 26. Though Sikder contends that he did not have notice of the sale, Section 39.3 of the MCTLA provides that even challenges to the "sufficiency of notice" must be raised within three months. 53 P.S. § 7193.3. However, this Court has held that "[a]n otherwise untimely challenge to a sheriff's sale may proceed if no authority existed to make the sale." *City of Philadelphia v. Moore*, (Pa. Cmwlth., No. 128 C.D. 2016, filed Feb. 6, 2017), slip op. at 10, 2017

---

sheriff's sale, Sikder asserted that the trial court made "no factual findings" in its decree evidencing strict compliance with the MCTLA's service requirements. Petition ¶ 15. Sikder further argued that the trial court did not have jurisdiction to issue the decree and authorize the sale of the Property, as it made no factual findings showing compliance with the requirements of Section 31.2 of the MCTLA. *See* Petition ¶ 19.

WL 474037, at 5[5] (citing *Mortgage Elec. Registration Sys. Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009)).

Section 31.2 of the MCTLA, under which the City filed its tax sale petition in this matter, outlines the procedural steps the City and the trial court must observe prior to approving a sheriff's sale for a property that is the subject of a City tax claim. *See* 53 P.S. § 7283(a). Section 31.2 provides, in pertinent part, as follows:

> thereupon *the court shall grant a rule upon all parties thus shown to be interested, to appear and show cause why a decree should not be made that the property be sold, freed and cleared of their respective claims, mortgages, ground rents, charges and estates. If upon a hearing*, the court is satisfied that service had been made of the rule upon the parties respondent in the manner provided in this act for the service of writs of scire facias to obtain judgments upon tax and municipal claims, and that contemporaneously with the service of the rule on the parties respondent notice of the rule has been published by the claimant in at least one newspaper of general circulation in the county, and in a legal periodical published therein, if any, and that the facts stated in the petition be true, it shall order and decree that the property be sold at a subsequent sheriff's sale . . . .

53 P.S. § 7283(a) (emphasis added).

Once the trial court issues such a rule to show cause, the City must then serve the tax sale petition and the trial court's rule upon all interested parties pursuant to the specific posting and mailing service requirements mandated in MCTLA

---

[5] While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

Section 39.2.[6]  *Id.*  Additionally, Section 31.2 requires that the trial court conduct a hearing to determine whether:  (1) the City has properly served the responding parties with a tax sale petition and the court's rule to show cause why the property should not be sold at a sheriff's sale; (2) the City has published notice of the trial court's rule to show cause in both an appropriate newspaper and an appropriate legal periodical; and (3) the facts stated in the tax sale petition are true.  53 P.S. § 7283(a); *City of Philadelphia v. Manu*, 76 A.3d 601, 605-06 (Pa. Cmwlth. 2013).

As this Court has recognized, the purpose of a sheriff's sale under the MCTLA "is not to strip an owner of his or her property but to collect municipal claims."  *Manu*, 76 A.3d at 606.  "The collection of [real estate tax] claims may not be implemented without due process of law guaranteed by the United States and Pennsylvania Constitutions."  *Id.*  "Strict compliance with the service requirement protects the procedural due process rights of all interested parties to notice and an opportunity to be heard and also guards against deprivation of property without substantive due process of law."  *Id.* (citing *First Union Nat'l Bank v. F.A. Realty Investors Corp.,* 812 A.2d 719, 726 (Pa. Super. 2002)).

In addition to providing necessary due process safeguards to interested parties, Section 31.2 hearings represent jurisdictional prerequisites to a trial court's

---

[6] MCTLA Section 39.2, being later-enacted, has supplanted the Section 31.2 requirement that tax sale petitions and rules to show cause be personally served in the manner required for service of writs of *scire facias*.  *See In re Blaylock*, 394 B.R. 359, 370 (Bankr. E.D. Pa. 2008). Section 39.2 now specifically requires that, after reviewing a title search, title insurance policy, or tax information certificate that identifies interested parties of record who have not registered their addresses, the City must serve a property's interested parties by (1) posting a true and correct copy of the petition and rule on the most public part of the property; (2) mailing by first-class mail a copy of the petition and rule to the address registered by any interested party; and (3) by mailing a copy of the petition and rule by first-class mail and either certified or registered mail to any interested unregistered parties discovered through the review of a title search, title insurance policy, or tax information certificate.  *See* 53 P.S. § 7193.2.

ability to authorize the sale of properties at sheriff's sales. As this Court has explained:

> Proper service of a petition for tax sale and a rule to show cause is a prerequisite to a court acquiring personal jurisdiction over a defendant. Failure to strictly comply with the service requirement deprives the court of jurisdiction to authorize a sheriff's sale.

*Manu*, 76 A.3d at 605 (internal quotations and citations omitted).

To ensure compliance with this jurisdictional prerequisite, "[b]efore granting a petition for sale, the court must make an independent inquiry regarding the city's strict compliance with the service requirement." *Id.* (internal quotations and citation omitted). The plain language of Section 31.2 (*i.e.*, the phrase "[i]f upon a hearing") requires that this "independent inquiry" must consist of the trial court conducting an actual hearing at which the City must enter into evidence proof of its strict compliance with the MCTLA's service and publication requirements and proof of the truth of the matters asserted in its tax sale petition, and at which interested parties may challenge the City's evidence. *See* 53 P.S. § 7283(a). In the absence of such a hearing, the trial court lacks jurisdiction to issue a decree authorizing a sheriff's sale. 53 P.S. § 7283(a); *Manu*, 76 A.3d at 605.

Here, while the trial court scheduled a Section 31.2 hearing for August 10, 2016, nothing in the original record indicates that the trial court actually conducted the hearing as scheduled. The record does not contain a transcript of any hearing conducted on August 10, 2016, nor does the docket indicate that one occurred. Likewise, the trial court's August 11, 2016 decree authorizing the Property's sheriff's sale, while indicating that the trial court has been satisfied that proper service of the rule has occurred, does not indicate how the trial court arrived

7

at such satisfaction or otherwise state that a Section 31.2 hearing actually occurred. Finally, the trial court's Pennsylvania Rule of Appellate Procedure 1925(a) opinion (1925(a) Opinion) makes no reference to, nor does it suggest, the actual occurrence of a Section 31.2-compliant hearing on August 10, 2016 as scheduled.[7] To be sure, while such a hearing could be extremely brief,[8] Section 31.2 still requires a hearing to allow an interested party the opportunity to challenge the City's service allegations, and to provide the trial court the evidentiary basis to make its findings of fact regarding the City's compliance with the service requirements and the veracity of the underlying facts of the tax sale petition required before the trial court can authorize a sheriff's sale. However, based on the original record currently before this Court, we are constrained to determine that the trial court did not conduct a Section 31.2-compliant hearing in this matter. Therefore, the trial court had no evidentiary basis upon which to conclude in the decree that the City had satisfied its service requirements under Section 39.2.[9]

---

[7] The 1925(a) Opinion jumps from reference to the affidavits of service the City filed on July 13, 2016 to the trial court's August 11, 2016 decree ordering the sheriff's sale of the Property. *See* 1925(a) Opinion at 1-2; R.R. 108-09.

[8] In a case like the instant matter, where no answer had been timely filed and no interested party presented to challenge the City's evidence regarding service, a hearing consisting merely of the City moving its tax sale petition and service affidavits into evidence for the trial court's consideration would suffice to satisfy the "narrow factual inquiry" required to determine the City's compliance with the MCTLA's service requirements and the veracity of the facts alleged in the tax sale petition. *City of Philadelphia v. Robinson*, 123 A.3d 791, 798 (Pa. Cmwlth. 2015).

[9] We acknowledge the City's assertion that, "[n]o respondent appeared at the August 10, 2016 hearing." City's Brief at 2. However, the City provided no record citation proving this assertion. As explained *supra*, nothing beyond the City's assertion indicates that the August 10, 2016 hearing actually occurred as scheduled, and the City's suggestion alone does not satisfy this Court that the hearing ever occurred.

8

Without conducting a Section 31.2-compliant hearing, the trial court lacked jurisdiction to enter the decree allowing for the Property to be sold at a sheriff's sale. As a result, the trial court abused its discretion in denying Sikder's petition to set aside the sheriff's sale. Therefore, we reverse the order denying Sikder's petition to set aside the sheriff's sale, vacate the trial court's decree authorizing the Property be sold at a sheriff's sale, and remand the matter for further proceedings in accordance with this opinion.[10]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[10] Based on our determination above, we need not reach Sikder's remaining arguments on appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
                                  :
           v.                    :
                                  :
Abu Saleh Sikder,            :      No. 1308 C.D. 2017
               Appellant       :

O R D E R

AND NOW, this 19th day of December, 2018, the August 17, 2017 order of the Court of Common Pleas of Philadelphia County is REVERSED. The trial court's August 11, 2016 decree authorizing the sheriff's sale of property located at 132 North 49th Street, Philadelphia is VACATED, and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge