**CITY OF PHILADELPHIA**

**v.**

**Agnes MANU, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2013.

Decided Sept. 6, 2013.

Reargument Denied Oct. 30, 2013.

---

Agnes Manu, pro se.

Amanda J. Dougherty, Assistant City Solicitor, Philadelphia, for appellee.

BEFORE: LEADBETTER, Judge, SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge LEADBETTER.

Agnes Manu (Manu) appeals *pro se* from the December 8, 2011 order of the Court of Common Pleas of Philadelphia County that denied her motion to strike or vacate its September 21, 2011 order authorizing the City of Philadelphia (City) to sell her property. Because the record establishes virtually no compliance with the Act of May 16, 1923, P.L. 207, commonly known as the Municipal Claims and Liens Act of 1923 (Municipal Liens Act, or simply Act), *as amended*, 53 P.S. §§ 7101–7283a, we reverse.

Manu is the current owner of rental property located at 7230 Cornelius Street in Philadelphia. In January 2011, the City filed a petition seeking permission to sell Manu's property free and clear of all encumbrances for delinquent water and sewer rents. The City alleged that a lien was entered on Manu's property on August 27, 1987 "for unpaid water/sewer rents ... in the amount of $0.00" and that additional delinquencies may have subsequently accrued. City's Petition, ¶ 3; Reproduced Record (R.R.) at 3a. The City also attached to the petition an "amended" claim of $657.54, plus interest and penalties, for "City Taxes for the year 1986." R.R. at 5a. In paragraph 5 of the petition, the City listed the following parties as having interests in Manu's property based on the tax information certificate: (1) Agnes Manu, the property owner; (2) Commercial Credit Savings Bank, a mortgagee; (3) Informational Management Group, Inc., a mortgagee; (4) Eborn Business Services, Inc., a mortgagee; (5) the United States Attorney General, representing the federal lien holder; (6) the Commonwealth of Pennsylvania, Department of Revenue, the state lien holder; and, (7) Global Realty Investors Group, Inc., a mortgagee. *Id.*, ¶ 5; R.R. at 4a. The City asked the court to issue a rule "upon the parties set forth in paragraph 5" to show cause why the court should not permit a sale of Manu's property free and clear of the claims, mortgages, rents and charges, and a rule upon the United States to show cause why

it should not be added as a party defendant to the proceeding. R.R. 4a.

On January 31, 2011, the trial court issued a rule only upon Manu to show cause why an order permitting a sale of her property for delinquent water and sewer rents should not be entered and why the United States should not be joined as a party defendant. R.R. 2a. The rule was returnable within 15 days of its service. The court directed that service of the petition and the rule be made in the manner of service of writs of *scire facias*[1] under the Municipal Liens Act. On February 28, the City filed a Sheriff's Return of Service containing a notation, "posted premises" at 7230 Cornelius Street on February 23. Certified Record (C.R.) Item No. 2.

On April 14, 2011, Manu, proceeding *pro se*, filed a motion to extend the time to file an answer to the rule to show cause, alleging that she just became aware of the filing of the petition. The trial court granted the motion on May 25 and directed her to file an affidavit of defense within 30 days. On July 27, Manu filed a motion to stay the proceeding. She alleged that she had not received tax assessment notices since 1998 and was filing tax assessment appeals *nunc pro tunc* with the Board of Revision of Taxes. On September 21, the court issued two orders. The first stated that, after a hearing, the court denied the stay.[2] The second authorized the City to sell Manu's property clear of all encumbrances at a sheriff's sale to be held on October 19. The court stated that

it was satisfied that service of the January 31 rule to show cause was properly made "upon all parties" and that no answers had been filed "by the respondents or any of them." Trial Court's September 21, 2011 Order; C.R. Item No. 9. The latter order was entered in the docket on September 30.

On October 24, 2011, Manu filed a motion for clarification. She averred that it was unclear whether the City was seeking to collect delinquent water and sewer rents or delinquent real estate taxes and that the trial court's September 21 order did not specify the amount she owed to the City. On October 31, Manu filed a motion to strike or vacate the court's September 21 order. She argued that the trial court was deprived of jurisdiction to grant the petition due to defective service of the petition and the rule to show cause, and that the September 21 order, therefore, was void abinitio. The court denied the motion to strike or vacate on December 8 and, on January 5, denied the motion for clarification. She appealed the denial of the motion to strike or vacate on Monday, January 9, 2012.

In the meantime, on December 14, 2011, Informational Management Group, Inc. (Informational Management), which was listed in the City's petition as one of the mortgagees on Manu's property, filed a petition to intervene and to open the judgment. It alleged that it had never been served notice of the underlying lien and that the City failed to join it in the petition

---

1. A *scire facias* proceeding is an action in rem. *N. Coventry Twp. v. Tripodi,* 64 A.3d 1128, 1133 (Pa.Cmwlth.2013). The purpose of a *scire facias* proceeding is to warn the property owner of the existence of a municipal claim so that he or she may make any defenses to the claim known. *Id.* As noted below, service of writs of scire facias is governed by Section 18 of the Act, 53 P.S. § 7186.

2. There is no transcript of any hearing in the record certified to this Court, although the dockets reflect that a "motion hearing" was scheduled. The City has filed a supplemental reproduced record which contains what appears to be a transcript of an argument on September 21, the date the two orders were signed.

as an indispensable party. On January 12, 2012, the court dismissed Informational Management's petition without prejudice as the matter was already on appeal.

■ All lawfully imposed or assessed municipal claims are liens on the property by operation of law. Section 3 of the Municipal Liens Act, 53 P.S. § 7106; *N. Coventry Twp. v. Tripodi,* 64 A.3d 1128, 1132 (Pa.Cmwlth.2013). The Municipal Liens Act provides for a specific, detailed and exclusive procedure that must be followed to challenge or collect on a municipal lien placed in cities of first class, such as the City. *Tripodi,* 64 A.3d at 1133. Section 31.2(a) of the Municipal Liens Act, added by Section 1 of the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283(a), provides:

> [I]n cities of the first class, whenever a claimant has filed its tax or municipal claim in accordance with the requirements of this act, it may file its petition in the court in which the proceeding is pending, setting forth the facts necessary to show the right to sell, together with searches or a title insurance policy, showing the state of record and the ownership of the property, and of all tax and municipal claims, mortgages, ground rents or other charges on, or estates in, the land ..., and thereupon the court *shall grant a rule upon all parties thus shown to be interested,* to appear and show cause why a decree should not be made that the property be sold, freed and cleared of their respective claims, mortgages, ground rents, charges and estates. *If upon a hearing, the court is satisfied that service had been made of the rule upon the parties respondent in the manner provided in this act for the service of writs of scire facias to obtain judgments upon tax and municipal claims, and that contemporaneously with the service of the rule on the par-*
> *ties respondent notice of the rule has been published by the claimant in at least one newspaper of general circulation in the county, and in a legal periodical published therein, if any,* and that the facts stated in the petition be true, it shall order and decree that the property be sold at a subsequent sheriff's sale at a time to be fixed thereafter by the claimant, clear of all claims, liens, mortgages, ground rents, charges and estates, to the highest bidder at such sale.... [Emphasis added.]

■ The City had the burden of proving strict compliance with the requirements of the Act. *In re Somerset Cnty. Tax Sale of Real Estate in the Name of Tub Mill Farms. Inc.,* 14 A.3d 180, 183 (Pa.Cmwlth. 2010). In reviewing each of these mandatory steps, it is apparent that there was not even substantial, let alone strict, compliance. The petition neither listed "all tax and municipal claims," nor gave any sense of their magnitude. The only claim listed in the petition is a lien for unpaid water and sewer rents in the amount of $0. Subsequently, the City filed an amended claim for unpaid taxes in the amount of $657.54. Nonetheless, the City asserts that its actual lien is for $14,702.99 and, presumably, expects to collect at least that amount from the sale if the proceeds are sufficient.

Next, the court issued a rule only upon Manu, not any of the other interested parties as is required. The record reflects that *no one* was served "in the manner provided in this act for the service of writs of *scire facias* to obtain judgments upon tax and municipal claims." Section 18 of the Act, 53 P.S. § 7186, providing for service of writs of *scire facias,* requires personal service of all persons named in the writ, and any other persons found in possession of the property. If no one is found in possession of the property, it is to be

posted. Here, the sheriff's return of service reflected only posting of the property. Confusingly, contrary to the plain language of Section 31.2(a), Section 39.2 of the Act, added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2, provides that notice of a rule to show cause issued pursuant to Section 31.2 is to be made by posting and first class mail to all interested parties. The parties assume that the latter is the pertinent requirement, although the court ordered the former.[3] At all events, it is undisputed that there was no personal service on anyone, and whether or not service was made by first class mail is disputed.

The City asserts in its brief: "The City filed its affidavit of service of the petition and rule on February 28, 2011, indicating service was made on February 23, 2011 through posting of the premises. This satisfied 53 P.S. § 7193.2(a)(1). The City's affidavit of service of the petition and rule also indicates service by certified and first class mail on February 9, 2011, to the Taxpayer and all interested parties." City's Brief at 14. This statement is disingenuous, at best. The dockets do not reflect the filing of any affidavit of service. The only such document anywhere in the record appears as an exhibit to the City's reply to Informational Management's petition to intervene and open. Although stating that service was effected by certified and first class mail on February 9, this affidavit was signed and dated November 1, 2011, months after the sale was ordered. Neither the certified nor either of the reproduced records contains any certified mail receipts.

Even if one were inclined to take this belated affidavit as proof of proper service under the Act, Section 31.2(a) requires that the court hold a hearing to determine that service of the rule to show cause was made on all interested parties, that there was contemporaneous publication of the rule and that the facts stated in the petition are true. The record is devoid of evidence of publication and the City does not even assert that there was any. More important, the hearing transcript of September 21 (the date of the order for sale, and the only hearing referenced anywhere in the record), which appears in the City's supplemental reproduced record, is not in the record certified by the trial court to this Court. Even if we could consider such extra-record material, it would be of no assistance in proving any of these factors. In that document, the parties argued over Manu's continuance/stay motion; no mention was made of service, let alone publication, and no evidence was presented to establish the truth of the facts in the City's petition.

Before granting a petition for sale, the court must make "an independent inquiry" regarding the city's strict compliance with the service requirement. *City of Phila. v. Blaylock*, 394 B.R. 359, 371 (Bankr.E.D.Pa.2008). Proper service of a petition for tax sale and a rule to show cause "is a prerequisite to a court acquiring personal jurisdiction over a defendant." *In re Sale of Real Estate by Lackawanna Cnty. Tax Claim Bureau*, 22 A.3d 308, 313 (Pa.Cmwlth.2011). Failure to strictly comply with the service requirement deprives the court of jurisdiction to authorize a sheriff's sale. *Fraisar v. Gillis*, 892 A.2d

---

**3.** We need not reconcile this conflict, although we note that the provision for service by mail was amended more recently than the provision requiring personal service. *See* Section 1934 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1934 (providing that "whenever, in the same statute, several clauses are irreconcilable, the clause last in order of date or position shall prevail").

74, 77 (Pa.Cmwlth.2006). Obviously, the affidavit dated November 1, 2011 could not have been before the court by any means in September when the order for sale of the property was entered. Thus, there is no substantial evidence in the record to support the court's finding of proper service.

■ The purpose of sheriff's sales under the Municipal Liens Act, as well as tax sales under the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101—5860.803, is not to strip the owner of his or her property but to collect municipal claims. *Tracy v. Cnty. of Chester, Tax Claim Bureau,* 507 Pa. 288, 297, 489 A.2d 1334, 1339 (1985). Strict compliance with the service requirement protects the procedural due process rights of all interested parties to notice and an opportunity to be heard and also guards against deprivation of property without substantive due process of law. *First Union Nat'l Bank v. F.A. Realty Investors Corp.,* 812 A.2d 719, 726 (Pa.Super.2002); *Blaylock,* 394 B.R. at 370. The collection of claims may not be implemented without due process of law guaranteed by the United States and Pennsylvania Constitutions. *Tracy,* 507 Pa. at 297, 489 A.2d at 1339; *Husak v. Fayette Cnty. Tax Claim Bureau,* 61 A.3d 302, 312 (Pa. Cmwlth.2013). Similarly, the requirement that the court hold a hearing to determine the accuracy of the facts in the City's petition is an important due process safeguard. This is particularly true when the City is proceeding under Section 31.2 of the Municipal Liens Act, 53 P.S. § 7283, where no judgment has been entered on the lien.[4]

Nonetheless, the City argues that Manu's January 9, 2012 appeal from the denial of the motion to strike or vacate the September 21, 2011 order granting the City's petition should be quashed because it was not filed within 30 days of the entry of the order on September 30. According to the City, the motion to strike or vacate was in essence a motion for reconsideration, which did not toll the running of the 30–day appeal period, citing *Merrick Estate,* 432 Pa. 450, 454, 247 A.2d 786, 788 (1968), and *City of Philadelphia v. Frempong,* 865 A.2d 314, 318 (Pa.Cmwlth.2005). The City further argues that Manu had actual notice of the petition and the rule and waived her arguments due to failure to file an answer to the rule. These arguments miss the point. Manu filed a timely appeal from the order of December 8 denying her motion to strike or vacate. Unlike the usual situation in which the court loses jurisdiction over an unappealed civil judgment thirty days after its entry, there is no question here that the trial court retained continuing jurisdiction over this *in rem* matter where the sale of the property had neither occurred nor been finally concluded. Even if considered as a motion subject to the thirty day rule, as this court noted in *Fulton v. Bedford County Tax Claim Bureau,* 942 A.2d 240 (Pa.Cmwlth. 2008):

> After expiration of the 30–day period, . . . the court may only open or vacate an order upon a showing of extrinsic fraud, *lack of subject matter jurisdiction,* a fatal defect on the face of the

---

**4.** Section 31.1 of the Municipal Liens Act, added by Section 1 of the Act of May 22, 1945, 53 P.S. § 7282, relates to procedures where the tax or municipal claim has been reduced to judgment, although that provision requires a similar hearing to determine facts. Here, while Manu clearly had notice of the City's *petition,* confusion prevailed throughout the trial court proceedings as to whether the claim was for only water and sewer rents or for unpaid taxes as well. The court denied Manu's motion for clarification without comment on December 5, 2011.

record or some other evidence of "extraordinary cause justifying intervention by the court." *Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa.Super.1997).

Failure to join an indispensable party to a lawsuit deprives the court of subject matter jurisdiction. *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719 (Pa.Cmwlth.2007). A party is deemed to be indispensable when his or her rights are so connected to the claims of the litigants that no decree can be made without impairing those rights.

*Id.* at 242 n. 3 [Emphasis in original.]

Given the manifest and multiple violations of the mandatory procedures of the Act and the obvious due process rights at stake of other interested parties one of which had a pending motion to intervene, it was a clear abuse of discretion not to strike the order of September 21.

Accordingly, we reverse the trial court's December 8, 2011 order, vacate the September 21, 2011 order authorizing the sale and remand for further proceedings in accordance with the statutory mandates.

### *ORDER*

AND NOW, this 6th day of September, 2013, the December 8, 2011 order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is REVERSED. The court's September 21, 2011 order authorizing a sheriff's sale of Agnes Manu's property is VACATED, and the case is remanded for further proceedings consistent with the foregoing opinion. Jurisdiction relinquished.