# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | |
| | : | |
| Zig Zag, LLC | : | No. 1168 C.D. 2019 |
| | : | Argued: March 15, 2021 |
| v. | : | |
| | : | |
| RNG Realty, LLC | : | |
| | : | |
| Appeal of: Zig Zag, LLC | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE J. ANDREW CROMPTON, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
JUDGE CROMPTON                                **FILED:  May 3, 2021**

Zig Zag, LLC (Owner) appeals from an order of the Court of Common Pleas of Philadelphia County (Trial Court), denying its motion to set aside a sale of a parking garage for unpaid real estate taxes.  The City of Philadelphia (City) conducted the sale pursuant to what is commonly known as the Municipal Claims and Tax Liens Act (Act).[1]  Owner argues that the City did not establish strict compliance with the Act or prove the contents of its petition to conduct the sale.  Owner also emphasizes that the Trial Court's decision was based on a material error in that it referred to evidence as if a hearing on the motion to set aside occurred.  As the record reflects no such hearing was held, we vacate the Trial Court's orders denying the motion to set aside the sale and approving the sale and remand the matter for further proceedings.

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7505.

# I. Background

Owner was the record owner of a parking garage located at 617-31 South 56th Street, Philadelphia, Pennsylvania, between Pemberton Street and Walton Avenue (Property). On August 14, 2018, the City petitioned the Trial Court for a rule to show cause as to why the Property should not be sold free and clear of all liens and encumbrances at a Sheriff's sale pursuant to the Act for unpaid real estate taxes (Sale Petition). *See* Original Record (O.R.), Item No. 2; Reproduced Record (R.R.) at 6a-25a.[2] The Sale Petition did not state the amount of the delinquency, instead referring to attachments showing different amounts due for certain tax years. The Trial Court issued a rule returnable, scheduling a hearing on November 13, 2018 (Rule). In August 2018, the City filed an affidavit of service stating that, on August 27, 2018, the Sale Petition and the Rule had been sent by certified and first-class mail addressed to Owner at the Property and to "1016 S. 58th St., Philadelphia," the registered address. O.R., Item No. 3. The City later filed an affidavit of posting stating that the Property had been posted "on the front door" with notice of the Sale Petition and the Rule on September 8, 2018. R.R. at 31a. The affidavit of posting included a photograph depicting a sheet of paper taped on an unmarked door. *See* R.R. at 32a.

After receiving no response to the Sale Petition, the Trial Court held a hearing before a trial commissioner on November 13, 2018, where the proceeding consisted of the acceptance of the affidavits appended to the Sale Petition. No one appeared on Owner's behalf and no witnesses testified. *See* R.R. at 120a. Based on the trial commissioner's findings, the Trial Court issued a decree on November 14, 2018, permitting the Sheriff's sale. *See* R.R. at 27a-28a. The decree stated:

---

[2] Although Owner did not properly paginate the reproduced record utilizing a small "a" as required by Pa.R.A.P. 2132, we cite the reproduced record using the proper citation form.

2

This matter being before the Court upon the [Sale Petition], filed by the City pursuant to the [Act], the Court therefore finds and hereby orders and decrees that: . . . 5. The Premises to wit: 617-31 South 56th Street (as fully described in the Tax Information Certificate) shall be sold by the Sheriff, free and clear of all claims, liens, mortgages, judgments, ground rents, charges, and estates, to the highest bidder at a Sheriff's Sale . . . .

R.R. at 27a-28a (emphasis added).

On February 12, 2019, the City sent notice of the Sheriff's sale to Owner at the Property address and the registered address. On March 20, 2019, the Property was sold at the scheduled Sheriff's sale to RNG Realty, LLC (Purchaser) for $190,000.00. The Sheriff's deed was filed on April 15, 2019.

Days after entering his appearance on May 6, 2019, counsel for Owner filed a petition for redemption of the Property.[3] *See* O.R., Item No. 8. Thereafter, Purchaser filed a petition to intervene with a proposed response and a memorandum of law in opposition to the redemption petition. *See* O.R., Item No. 9. The Trial Court then issued two rule to show cause orders, one as to Owner's redemption petition and the other as to Purchaser's petition to intervene, scheduling a hearing on both petitions on July 18, 2019. *See* O.R., Item Nos. 10-11; R.R. at 89a-90a.

Relevant here, while the petitions were pending, on June 27, 2019, Owner filed a motion to set aside the Sheriff's sale (Motion to Set Aside), and a memorandum of law in support. *See* O.R., Item No. 12; R.R. at 93a-115a. Owner attached affidavits to its Motion to Set Aside contesting the adequacy of the posting and notice by mail under the Act. Specifically, Owner argued the Property was not posted on the most public part of the Property. *See* R.R. at 94a, 99a.

---

[3] Pursuant to Section 32 of the Act, "there shall be no redemption of vacant property by any person after the date of the acknowledgement of the sheriff's deed therefore." 53 P.S. §7293(c). Because the Property qualified as "vacant" under the Act, in that it was not continuously occupied by the same individual or basic family unit as a residence for at least 90 days prior to the date of the sale, *id.*, Owner's redemption petition was untimely.

On July 18, 2019, the date scheduled for hearing the redemption and intervention petitions, Owner withdrew its redemption petition on the record. *See* R.R. at 123a. The Trial Court accepted the withdrawal and granted Purchaser's unopposed petition to intervene. *Id.*; *see also* R.R. at 116a-17a.

On the same date, the City and Purchaser timely filed their responses to the Motion to Set Aside. *See* O.R., Item Nos. 13-14. The docket reflects that the Motion to Set Aside was assigned to a judge on July 22, 2019. Two days later, without a hearing, the Trial Court denied Owner's Motion to Set Aside. R.R. at 118a.

Owner appealed the Trial Court's order to this Court. The Trial Court then directed Owner to file a concise statement of errors complained of pursuant to Pa.R.A.P. 1925(b). Owner filed its Rule 1925(b) Statement, challenging the adequacy of the procedure and asserting noncompliance with the Act. Owner complained: "The [T]rial [C]ourt erred in "failing to hold an evidentiary hearing on the factual issues of notice and posting of the [Sale Petition], decree and notice." O.R., Item No. 20, Rule 1925(b) Statement, ¶2. The Trial Court quoted these challenges in its opinion. *See* O.R., Item No. 22, Trial Ct., Slip Op., 11/20/19, at 2-3. Notably, twice in its opinion, the court referenced a hearing on the Motion to Set Aside in July 2019. *Id.* at 5. However, it is undisputed that no such hearing occurred. *See* R.R. at 123a-25a.

Owner and the City filed briefs, both acknowledging that there was no hearing on the Motion to Set Aside. *See* City's Br. at 7 ("The [Trial Court] denied the [Motion] without a hearing. The Court then went on, [sic] in its opinion to state that a hearing was held on July 18, 2019. This was not the case."); Owner's Br. at 3 ("the [T]rial [C]ourt claimed that it in fact did conduct a full hearing with testimony and evidence presented by [Owner] . . . . This hearing never occurred."). Purchaser intervened and joined in the City's brief. Following argument, we consider the appeal.

4

## II. Contentions

On appeal,[4] Owner argues that the Trial Court erred in finding that the City met its burden of proving strict compliance with the service provisions of the Act when it initially authorized the sale. Owner claims the sale was conducted without regard for due process when the City did not establish the amount of the liens or that they were properly filed and docketed during the November 2018 hearing on the Sale Petition. Owner emphasizes that the Trial Court committed reversible error since its decision was predicated on its belief that it heard evidence on the Motion to Set Aside when no hearing was held. Owner asserts that an evidentiary hearing is necessary to permit a sale, particularly when strict compliance with the Act is contested. It contends that the lack of an independent inquiry into the averments of the Sale Petition or the compliance with the service provisions of the Act deprived the Trial Court of jurisdiction to issue a decree allowing the sale of the Property.

The City counters that Owner's arguments are waived for its failure to raise them in both its Motion to Set Aside and its Rule 1925(b) Statement. The City adds that, to the extent Owner claims that issues relating to the sufficiency of the evidence are jurisdictional, the Act does not contain any language supporting its construction. The City maintains that these questions merely speak to the power of the Trial Court to grant a tax sale petition and to issue a decree permitting the sale, which is distinct from subject matter jurisdiction, and is thus waivable.

In its reply brief, Owner counters that this Court's decisions in *City of Philadelphia v. Labrosciano*, 202 A.3d 145 (Pa. Cmwlth. 2018), and *City of Philadelphia v. Manu*, 76 A.3d 601 (Pa. Cmwlth. 2013), discuss service under the Act

---

[4] "This Court's review in tax sale cases is limited to a determination of whether the trial court abused its discretion, erred as a matter of law or rendered a decision with lack of supporting evidence." *Wiles v. Wash. Cnty. Tax Claim Bureau*, 972 A.2d 24, 28 n.2 (Pa. Cmwlth. 2009).

in terms of jurisdiction. *See* Owner's Reply Br. at 2-3. As such, Owner maintains that these issues are not waivable, and, regardless, that it adequately preserved them.

### III. Discussion

At the outset, we consider the assertions of waiver in the Trial Court's opinion and as echoed in the City's brief.

### A. Waiver

Much of the Trial Court's reasoning in its opinion was that Owner's Rule 1925(b) Statement was insufficiently detailed to offer guidance as to the issues being appealed. We disagree.

Rule 1925(b) requires that each error be set forth "with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Thus, the Statement need only sufficiently raise the issues to place the parties and the Trial Court on notice as to the complained of errors. *See Commonwealth v. Parrish*, 224 A.3d 682, 700 (Pa. 2020) (explaining the Rule 1925(b) Statement shall "identify and frame all potentially meritorious issues for appellate review . . .").

Rule 1925(b) further provides that "[i]ssues . . . not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Only a wholly inadequate Rule 1925(b) Statement results in a waiver of the issues.

In its opinion, the Trial Court responded to Owner's claim that it misconstrued the Act (issue 7) by stating "[Owner] does not cite to any evidence or authority in furtherance of this claim." Trial Ct., Slip Op. at 9. However, contrary to the Trial Court's intimation, such citations are not necessary. Indeed, Rule 1925 is explicit that "[t]he judge <u>shall not require</u> the citation to authorities or the record . . . ." Pa.R.A.P 1925(b)(4)(ii) (emphasis added).

6

In our estimation, Owner's Statement met the criteria of the rule in that it placed the Trial Court on notice of its alleged errors. The Statement challenged the sale on constitutional due process grounds and complained as to the lack of any evidentiary hearing on the factual basis for the sale. As such, we discern no waiver of Owner's challenges to the sufficiency of the evidence underlying the Sale Petition or whether the process afforded comported with the Act and its due process protections based on a purported deficiency of its Rule 1925(b) Statement.

Additionally, the City's contentions that Owner waived any challenges to the sufficiency of the evidence presented at the November 2018 hearing on the Sale Petition by failing to raise them in its Motion to Set Aside are unavailing. Owner's Motion to Set Aside and supporting memorandum challenges the provision of notice of the Sale Petition by certified mail or first-class mail, and the adequacy of the posting when it was placed on a "door [that] was and remains sealed and painted over to blend in with the wall." O.R., Item No. 12, Mot., ¶10. Moreover, Owner averred: "The [City] has failed to meet the requirements of service of the Notice of the [November 2018] hearing, the [d]ecree, as well as the actual Sheriff's sale." *Id*. ¶11. These contentions are sufficient to preclude waiver.

## B. Statutory Requirements

Next, we consider whether the process afforded to Owner satisfied the Act and our case law construing the service provisions.

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. §1921(a). Section 39.2 of the Act requires the following regarding notice prior to a tax sale:

> (a) In cities of the first class, <u>notice of a rule to show cause</u> why a property should not be sold free and clear of all encumbrances issued by

7

a court pursuant to a petition filed by a claimant under section 31.2 of this act[5] shall be served by the claimant upon owners, mortgagees, holders of ground rents, liens and charges or estates of whatsoever kind as follows:

(1) By posting a true and correct copy of the petition and rule on the most public part of the property;

(2) By mailing by first class mail to the address registered by any interested party pursuant to section 39.1 of this act[6] a true and correct copy of the petition and rule; and

(3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the [C]ity shall mail by first class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.

Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The [C]ity shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

\*\*\*\*

(b) No party whose interest did not appear on a title search, title insurance policy or tax information certificate or who failed to accurately register his interest and address pursuant to section 39.1 of this act shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section. This provision shall not apply if the mortgage or interest was otherwise properly recorded in the Office of the Recorder of Deeds and the document contains a current address sufficient to satisfy the notice requirements of this section. Notwithstanding any other requirement set forth in this act or any other law to the contrary, the notice required by subsection (a) of this section shall constitute the only notice required before a court may enter a decree ordering a tax sale.

\*\*\*\*

(c) Notice of the court's decree ordering a tax sale, together with the time, place and date of the sale, shall be served by first class mail on all parties served with the petition and rule, on any parties whose interest

[5] Added by the Act of March 15, 1956, P.L. (1955) 1274, *as amended*, 53 P.S. §7283.

[6] Added by the Act of December 14, 1992, P.L. 850, 53 P.S. §7193.1.

appeared of record after the filing of the petition but before the court's decree and on any creditor who has obtained judgment against the owner of the premises prior to the date of the decree. The [C]ity shall file an affidavit of service of these notices prior to the date of the sale. \*\*\*\*

53 P.S. §7193.2[7] (emphasis added).

As to the statutory construction argument, the Trial Court determined that Owner erred in contending the Act shall be liberally construed; instead, the Trial Court reasoned that the statute should be construed according to its plain meaning. Again, we disagree.

As this Court's precedent confirms, the purpose of the Act is to collect delinquent taxes, not to strip owners of their property. *See Labrosciano*, 202 A.3d at 151; *City of Philadelphia v. F.A. Realty Invs. Corp.*, 129 A.3d 1279, 1283 (Pa. Cmwlth. 2015); *Manu*, 76 A.3d at 606. To that end, the Act must be "<u>liberally construed</u>" to effect its object and to promote justice. *City of Philadelphia v. Phila. Scrapyard Props., LLC*, 132 A.3d 1060, 1067 (Pa. Cmwlth. 2016) (emphasis added). The purpose of the hearing "is to provide the trial court the evidentiary basis to make its findings of fact regarding the City's compliance with the service requirements and the veracity of the underlying facts of the tax sale petition." *See City of Philadelphia v. Sikder* (Pa. Cmwlth., No. 1308 C.D. 2017, filed Dec. 19, 2018), 2018 WL 6625871 (unreported) (vacating and remanding for further proceedings).[8]

Construing the Act in accordance with its purpose, courts require strict compliance with the statutory service requirements. As a jurisdictional prerequisite,[9]

---

[7] Added by the Act of December 14, 1992, P.L. 859.

[8] We cite this unreported decision for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[9] Although recent decisions frame compliance with the Act in terms of jurisdiction, in the interest of precision, we clarify that the reference to service under the Act as a jurisdictional **(Footnote continued on next page…)**

there must be service of notice of the rule returnable on the petition for tax sale and notice of the petition. Section 31.2 of the Act, under which the City filed its Sale Petition, outlines the procedure the Trial Court must observe prior to approving a Sheriff's sale of a property for delinquent taxes. Section 31.2 provides in pertinent part:

> the court shall grant a rule upon all parties thus shown to be interested, to appear and show cause why a decree should not be made that the property be sold, freed and cleared of their respective claims, mortgages, ground rents, charges and estates. <u>If upon a hearing, the court is satisfied that service had been made of the rule upon the parties respondent in the manner provided in this act</u> for the service of writs of scire facias to obtain judgments upon tax and municipal claims . . . <u>and that the facts stated in the petition be true</u>, it shall order and decree that the property be sold at a subsequent sheriff's sale . . . .

53 P.S. §7283(a) (emphasis added). This Court consistently holds that "the requirement that the [trial] court hold a hearing to determine the accuracy of the facts in the City's petition is an important due process safeguard." *Manu*, 76 A.3d at 606. To that end, decisions construing the process required by the Act hold that a trial court has an obligation to inquire into whether the City complied with the service requirements and proved the contents of the tax sale petition submitted for the court's disposition.

Further, the City's assertions that the contents of the Sale Petition are deemed admitted under Pa.R.C.P. No. 206.7 because Owner did not file an answer,

---

prerequisite refers to *personal* jurisdiction, not subject matter jurisdiction as Owner suggests in its reply brief. *Manu*, 76 A.3d at 606 ("Proper service of a petition for tax sale and a rule to show cause 'is a prerequisite to a court acquiring *personal* jurisdiction over a defendant.'") (emphasis added) (quoting *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 22 A.3d 308, 313 (Pa. Cmwlth. 2011)); *see City of Philadelphia v. Dube* (Pa. Cmwlth., No. 1654 C.D. 2017, filed Nov. 9, 2019), 2018 WL 5986081 (unreported) (noting necessity of service to acquire *personal* jurisdiction).

Subject matter jurisdiction refers to jurisdiction over a subject or legal issue, whereas personal jurisdiction refers to jurisdiction over a party; they are distinct concepts with material differences. For example, a person or entity may consent to a court's personal jurisdiction, whereas parties cannot agree to the subject matter jurisdiction of a tribunal to decide an issue. *See Wagner v. Wagner*, 768 A.2d 1112, 1119 (Pa. 2001) (explaining personal jurisdiction is a personal right waivable by a party).

such that "the [T]rial [C]ourt had no recourse but to accept the allegations of the [Sale] [P]etition as true," City's Br. at 25, disregards clear precedent holding the opposite. *See Labrosciano.* Regardless of whether a property owner files an answer, Section 31.2 of the Act mandates that the trial court conduct a hearing to discern whether the contents of a tax sale petition are true. *Labrosciano*; *Manu.* Additionally, a merely perfunctory hearing does not suffice. *F.A. Realty Invs*.

Our decision in *F.A. Realty Investors*, which also involved a challenge to a tax sale, offers guidance as to what process is due to comply with the Act. There, this Court deemed a one-minute hearing insufficient to prove the statements contained in a tax sale petition. We determined that the trial court had an obligation to develop a record sufficient to assess the accuracy of the allegations in a tax sale petition. Otherwise, we reasoned, it appeared the court was making a decision based purely on the municipality's assertions. Because the trial court accepted the tax sale petition without supporting evidence establishing the accuracy of its contents, we vacated the trial court's order denying a motion to strike the sale, and the order allowing the sale, and we remanded to the trial court to hold an appropriate hearing.

In this case, the Trial Court held a similarly short hearing on the Sale Petition in November 2018. The transcript shows there was no discussion of the averments in the Sale Petition or the City's compliance with the Act. Here, the one-page hearing transcript for the November 2018 hearing reflects, in its entirety:

(The hearing was called at 12:47 p.m.)

COURT OFFICER: Two thirty-five, Zig Zag, is an FTA [Failure to Appear].

THE CITY: This is the City's petition to sell at sheriff's sale the property located at 617 through 631 South 56th Street. I have a proposed decree for your consideration, and I've attached the affidavit of service and posted it.

11

TRIAL COMMISSIONER: I've viewed the affidavits of service and will enter findings and a recommendation that the decree be entered.

(The hearing was concluded at 12:48 p.m.)

R.R. at 120a.

Notwithstanding its repeated statements that a hearing was held,[10] there is no dispute that the Trial Court did not hold a hearing on the Motion to Set Aside. In fact, the Motion to Set Aside was not assigned to a judge until July 22, 2019. *See* R.R. at 4a. As the parties acknowledge, and as evinced by the record, there was no hearing on the Motion to Set Aside at any point in the proceedings.

Although the Trial Court had an obligation to determine that the facts in the Sale Petition were true, there is no indication that the Trial Court fulfilled its obligation here. From a survey of our case law construing the procedural requirements of the Act, this Court encountered no case in which the property owner received *no* opportunity to be heard on a challenge to a tax sale petition, as was the case here, and the trial court nevertheless upheld the sale. *Cf. City of Philadelphia v. Jones*, 221 A.3d 737 (Pa. Cmwlth. 2019) (hearing afforded on motion to set aside/redemption); *City of Philadelphia v. Morris Park Congreg. of Jehovah's Witnesses* (Pa. Cmwlth., No. 264 C.D. 2015, filed Mar. 7, 2016), 2016 WL 867564 (unreported).

Ultimately, Owner had no opportunity to submit evidence contesting the contents in the Sale Petition or the City's compliance with the Act at any stage of the proceedings. This Court is unaware of any case in which a property owner was deprived of property for nonpayment of taxes without establishing the sufficiency of

_____

[10] It is troubling that the Trial Court repeatedly claimed that its decision on the Motion to Set Aside was substantiated by a hearing. Specifically, it stated: "[C]ontrary to [Owner's] assertions, this Court did in fact hold a hearing on this matter regarding the factual issues of notice, service and posting. This hearing was held on July 18, 2019 at 1:30 P.M. in Courtroom 426." Trial Ct., Slip Op. at 4-5 (emphasis added). It added: "At the hearing, this Court permitted [Owner] to present witnesses so as to allow the Court to judge their credibility on pertinent issues including, but not limited to issues related to notice, service or posting." *Id.* at 5.

12

notice or having an opportunity to be heard, and the City cites none. Notice and an opportunity to be heard are the most basic tenets of constitutional due process. Because there is no indication that Owner was afforded these safeguards in this case, and the Trial Court was under the misimpression that Owner received a hearing where it presented testimony in support of its Motion to Set Aside, the circumstances warrant a remand to the Trial Court to hold an appropriate hearing where an independent inquiry into the Sale Petition and the City's compliance with the Act is conducted.[11] On remand, Owner may submit evidence to counter the City's claims of compliance with the Act, including the mailing and posting requirements in Section 39.2 of the Act, 53 P.S. §7193.2, and the allegations in the Sale Petition.

## IV. Conclusion[12]

Accordingly, for the foregoing reasons, we vacate the Trial Court's Orders of July 24, 2019, denying the Motion to Set Aside, and November 14, 2018, approving the sale of the Property, and remand the matter to the Trial Court to hold an evidentiary hearing, which shall include an inquiry regarding the contents of the Sale Petition and the City's compliance with the service provisions of the Act.

<br>

        J. ANDREW CROMPTON, Judge

President Judge Brobson did not participate in the decision of this case.

---

[11] We note that Owner's challenge to the adequacy of the evidence of the lien amount is comprised within the umbrella issue of whether the City established the accuracy of the averments in the Sale Petition. As a result, the adequacy of the support for the lien amounts may be explored on remand during a hearing that tests the veracity of the City's Sale Petition.

[12] In light of our disposition, it is unnecessary to address Owner's arguments on the merits, including the necessity for publication of notice.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| City of Philadelphia | : |
| | : |
| v. | : |
| | : |
| Zig Zag, LLC | : No. 1168 C.D. 2019 |
| | : |
| v. | : |
| | : |
| RNG Realty, LLC | : |
| | : |
| Appeal of: Zig Zag, LLC | : |

# **O R D E R**

AND NOW, this 3rd day of May, 2021, the order of the Philadelphia County Court of Common Pleas (Trial Court) denying Zig Zag LLC's Motion to Set Aside the Sale, dated July 24, 2019, is VACATED, its order and decree approving the tax sale, filed November 14, 2018, is also VACATED, and the matter is REMANDED to the Trial Court to hold a hearing in accordance with the foregoing opinion, in particular to determine the truth of the facts alleged in the City of Philadelphia's petition to sell the property located at 617-31 South 56th Street in Philadelphia, Pennsylvania, and compliance with the statutory requirements for service and notice in comportment with due process.

Jurisdiction is relinquished.

 

 

_____

J. ANDREW CROMPTON, Judge