IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 229 C.D. 2022 |
| | : | |
| Abby's Real Estate Investments | : | |
| and Philadelphia Land Bank | : | |
| | : | |
| Appeal of: Abby's Real Estate | : | |
| Investments | : | Submitted: July 5, 2024 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  August 28, 2024

Abby's Real Estate Investments (Appellant) appeals from the February 9, 2022 order of the Court of Common Pleas of Philadelphia County (trial court) denying Appellant's Petition to Set Aside Sheriff Sale (Petition).  The trial court rejected Appellant's argument that the City of Philadelphia (City) failed to comply with the service requirements in Section 39.2 of the Municipal Claims and Tax Liens Act (MCTLA).[1]  The trial court also denied Appellant's Petition as untimely under

---

[1] Act of May 16, 1923, P.L. 207, added by the Act of December 14, 1992, P.L. 859, *as amended*, 53 P.S. § 7193.2.  Section 39.2 of the MCTLA relevantly requires that a petition seeking to sell property at a sheriff's sale must be posted on the "most public part of the property," and mailed by first-class mail to the owner's registered address.  The petitioner must also review a title search, title insurance policy, or tax information certificate for interested parties that have not registered their addresses with the tax claim bureau.  In the latter circumstance, a copy of the petition shall be mailed by first-class mail and either certified mail, return receipt requested, or registered mail to the addresses indicated in the title search, title insurance policy, or tax information certificate.  Service of the notice is accomplished on the date of mailing.

Section 39.3 of the MCTLA,[2] which requires that a party wishing to contest the validity of a sheriff's sale, including the sufficiency of any notice, must file a petition to overturn the sale within three months of the sheriff's acknowledgment of the deed to the premises.

Appellant argues on appeal that the trial court abused its discretion in concluding that the City complied with Section 39.2's service requirements and by denying the Petition as untimely under Section 39.3. After review, we affirm the trial court.

## I. Background

The underlying facts are undisputed. Appellant acquired real property located at 323 North Holly Street, Philadelphia, Pennsylvania (Property), at a sheriff's sale conducted on September 23, 2004. On August 2, 2018, the City filed a Petition for Rule to Show Cause why the Property Should Not Be Sold Free and Clear of All Liens and Encumbrances (Tax Claim) in the trial court for unpaid real estate taxes in the amount of $360.10 and unpaid water and sewer fees totaling $1,232.14. A tax information certificate attached to the City's Tax Claim identified Appellant as the record and registered owner of the Property, with a registered address of 323 North Holly Street, Philadelphia, Pennsylvania (North Holly Street Address). The tax information certificate also identified a Post Office (P.O.) Box maintained by Appellant in Sicklerville, New Jersey, as an alternate address for Appellant. That same day, the trial court entered a rule returnable (Rule), which directed that the City serve a copy of the Tax Claim and the Rule on Appellant in accordance with Section 39.2 of the MCTLA. The trial court scheduled a Rule hearing for October 9, 2018.

---

[2] Added by the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.3.

The City filed an affidavit of service on August 8, 2018, certifying that copies of the Tax Claim and the Rule were mailed on August 6, 2018, to Appellant at the North Holly Street Address and to the Sicklerville, New Jersey, P.O. Box, by first-class mail and by certified mail, return receipt requested. The City also filed an affidavit of posting verifying that copies of the Tax Claim and Rule were posted on a stake in the front and center of the Property on August 21, 2018.

On October 9, 2018, the trial court's Office of Judicial Records (OJR) issued a notice that the Rule hearing was continued to December 4, 2018, "[p]ursuant to the request of the parties[.]" Original Record (O.R.), Item No. 5. The trial court's docket sheet reflects that notice of the continuance was given to the parties pursuant to Rule 236 of the Pennsylvania Rules of Civil Procedure (Rule 236), Pa.R.Civ.P. 236.[3] The OJR issued a second notice on December 4, 2018, which continued the Rule hearing to January 29, 2019, "[p]ursuant to the request of the parties[.]" O.R., Item No. 6. Notice of the second continuance was also provided to the parties under Rule 236.

Following the January 29, 2019 Rule hearing, at which Appellant failed to appear, the hearing master issued an order continuing the matter until April 2, 2019, because she was not satisfied that the Tax Claim was served in accordance with Section 39.2 of the MCTLA.[4] The hearing master directed the City to serve Appellant copies of the Tax Claim and her January 29, 2019 order in accordance with the service requirements in Section 39.2 of the MCTLA. Although the City

---

[3] Rule 236(a)(2) provides that the prothonotary shall give written notice of the entry of any order or judgment to each party's attorney of record or, if unrepresented, to each party. "The notice shall include a copy of the order or judgment." Pa.R.Civ.P. 236(a)(2).

[4] The hearing master's January 29, 2019 order does not suggest that the City failed to properly serve Appellant with a copy of the Rule.

3

concedes that it did not serve Appellant a copy of the January 29, 2019 continuance order or "re-serve" Appellant a copy of the Tax Claim,[5] the trial court's docket sheet reflects that notice of the January 29, 2019 continuance was provided to the parties pursuant to Rule 236.

On April 2, 2019, the hearing master issued her Findings and Recommendation, which acknowledged the City's affidavits of service verifying that "service was made by certified and first[-]class mail and posting[.]" O.R., Item No. 8. Because Appellant did not appear for the April 2, 2019 hearing or file an answer to the City's Tax Claim, the hearing master recommended that the Property be sold at sheriff's sale. On the same day, the trial court issued a decree authorizing the sale of the Property at sheriff's sale. The trial court's decree expressly noted the hearing master's finding that service was effectuated in accordance with Section 39.2 of the MCTLA. On July 8, 2019, the City filed an affidavit of service with the trial court certifying that a copy of the trial court's April 2, 2019 decree and notices of the pending sheriff's sale were mailed to Appellant by first-class mail on June 19, 2019. The Property was subsequently sold at sheriff's sale on July 17, 2019, for $2,100.00. The deed was acknowledged by the sheriff on August 16, 2019, and recorded on December 27, 2019.

Approximately two years later, on December 16, 2021, Appellant filed its Petition seeking to set aside the sale of the Property on the basis that the City did not comply with the hearing master's January 29, 2019 order directing service of the order and the Tax Claim pursuant to Section 39.2 of the MCTLA. Appellant asserted that, because the City failed to comply with the January 29, 2019 order, the trial court had no jurisdiction to issue the April 2, 2019 decree authorizing the Property's

---

[5] City's Br. at 7.

4

sale.  Appellant alleged that it was only apprised the Property had been sold "very recently" when it attempted to pay the Property's real estate taxes.  O.R., Item No. 10, ¶ 17.  Appellant recognized that its Petition was filed outside the three-month period specified in Section 39.3 of the MCTLA.  Appellant contended, however, that the untimeliness of its Petition was excused because no authority existed to proceed with the sale.

The trial court held a hearing on Appellant's Petition on February 9, 2022. Philadelphia Land Bank (Intervenor), the entity that purchased the Property at the July 17, 2019 sheriff's sale, was granted intervenor status.  Appellant's owner, Frank Francis, testified on Appellant's behalf.

Mr. Francis testified that he was unaware the City had filed a Tax Claim.  He was only informed that the Property had been sold after his assistant attempted to pay the Property's real estate taxes in the latter part of 2019.  Mr. Francis agreed that Appellant owns other properties in the City, and, as a result, he is aware that real estate taxes must be paid in a timely manner.  He denied, however, having received any notice from the City that the Property's real estate taxes were delinquent or that any delinquent tax proceedings were pending before the trial court.  Mr. Francis conceded that no one else received tax notices on the Property's behalf and that, "at some given point," he should have known that the real estate taxes were due. Reproduced Record (R.R.) at 180.[6]  Regarding Appellant's delay in filing the Petition, Mr. Francis stated that he reached out to either Intervenor or the City in

---

[6] Appellant's Reproduced Record does not comply with Pa.R.A.P. 2173, which requires that the pages of a reproduced record be numbered separately followed by a lowercase "a". Appellant failed to include the lowercase "a" with its page numbers.  For consistency of reference, the citations herein reflect those in the Reproduced Record.

5

2019 or 2020 to see if the matter "could be settled and handled without getting legal representation." *Id.* at 181.

At the conclusion of the hearing, the trial court denied Appellant's Petition. The trial court noted that the April 2, 2019 decree authorizing the sale reflected that the City satisfied the service requirements of Section 39.2. The trial court rejected Mr. Francis's testimony as not credible "in any way, shape, or form[,]" and found that Mr. Francis received notice that the Property's real estate taxes were delinquent, as it "strained credulity" to find otherwise. *Id.* at 184.

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court rejected Appellant's argument that it was not properly served with original process of the City's Tax Claim and the Rule. The trial court noted that Section 31.2(a) of the MCTLA[7] requires that, prior to entering a decree permitting the sale of property at a sheriff's sale, the trial court must hold a hearing to determine whether service of the petition and rule have been made in accordance with Section 39.2 and whether the facts set forth in the petition are true. Per Section 35 of the MCTLA,[8] any "facts averred by either party, and not denied in the answer or replication of the other, shall be taken as true in all subsequent proceedings[.]" Following the Rule hearing on April 2, 2019, the trial court considered the record, which included the hearing master's findings and recommendations and Appellant's "filed answer or appearance, if any," and found that the City served its Tax Claim and the Rule as required by Section 39.2 of the MCTLA. O.R., Item No. 22. Because Appellant was properly served the Tax Claim and the Rule, and the facts in the Tax Claim were

---

[7] Added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283(a).

[8] 53 P.S. § 7189.

6

not denied by Appellant, the trial court properly entered a decree ordering the Property's sale.

The trial court also rejected Appellant's argument that it erroneously denied Appellant's Petition requesting that the Property's sale be set aside, as Appellant's Petition was untimely filed, and Appellant failed to present circumstances that warranted relief. The trial court noted the "firm deadline" in Section 39.3 for contesting the validity of a sheriff's sale, including the sufficiency of any notice thereof. O.R., Item No. 25 at 7. The deed for the Property was acknowledged by the sheriff on August 16, 2019. Therefore, the statutory deadline for contesting the Property's sale expired on November 16, 2019. Although Mr. Francis testified that he was aware the Property had been sold in late 2019, Appellant's Petition was not filed until December 16, 2021, more than two years after the November 16, 2019 deadline.

As Appellant's argument for setting aside the sheriff's sale was based on lack of notice, and the record demonstrated that the City satisfied its service obligations under the MCTLA, the trial court maintained that it did not err in denying Appellant's Petition.

## II. Issues

On appeal,[9] Appellant argues that the trial court erred in concluding that the City complied with the service requirements in Section 39.2 of the MCTLA and abused its discretion by denying the Petition as untimely.

---

[9] This Court's review in tax sale cases is whether the trial court abused its discretion, erred as a matter of law, or rendered a decision that is unsupported by substantial evidence. *In re Consol. Return of Real Est. Tax Sale*, 74 A.3d 1089, 1092 n.6 (Pa. Cmwlth. 2013). A petition to set aside a sheriff's sale is an equitable proceeding that is governed by equitable principles, and appellate **(Footnote continued on next page…)**

7

### III. Discussion

The purpose of a sheriff's sale under the MCTLA "is not to strip the owner of his or her property but to collect municipal claims." *City of Philadelphia v. Manu*, 76 A.3d 601, 606 (Pa. Cmwlth. 2013). Strict compliance with the service requirements in Section 39.2 of the MCTLA protects the procedural due process rights of all interested parties to notice and an opportunity to be heard and also guards against deprivation of property without substantive due process of law. *Id.* Proper service of a petition for tax sale and a rule to show cause is a prerequisite to a court acquiring personal jurisdiction over a defendant. *Id.* Failure to strictly comply with Section 39.2's service requirements deprives the court of jurisdiction to authorize a sheriff's sale. *Id.*

To ensure that the trial court meets this jurisdictional prerequisite, Section 31.2 of the MCTLA requires that the trial court make an independent inquiry of the petitioner's strict compliance with Section 39.2's service requirements. *Id.* at 605. The trial court's independent inquiry must consist of an actual hearing at which the petitioner submits proof of its strict compliance with the MCTLA's service requirements and proof of the truth of the matters asserted in the tax sale petition, and at which interested parties may challenge the petitioner's evidence.

Generally, a petition to set aside a sheriff's sale is governed by the Pennsylvania Rules of Civil Procedure, which provide, in pertinent part, that the trial court may, upon proper cause shown, set aside the sale, or a resale, or enter any other order that is just and proper under the circumstances. *See* Pa.R.Civ.P. 3132.

---

review of equitable matters is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Allegheny Cnty. v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009).

Instantly, Appellant argues that the trial court erred in concluding that the City complied with the strict service requirements in Section 39.2 of the MCTLA. Appellant bases its argument on the City's failure to comply with the hearing master's January 29, 2019 order directing the City to serve Appellant with copies of the Tax Claim and the January 29, 2019 order. Appellant asserts that its failure to appear at the April 2, 2019 Rule hearing was due to the City's noncompliance with the hearing master's January 29, 2019 order. As a result, Appellant was deprived of the opportunity to be heard, and the trial court was without authority to enter a decree authorizing the sale of the Property. Appellant concedes that Section 39.2 only dictates original service of process for the Tax Claim and Rule, and that the MCTLA is silent regarding service of notices continuing a Rule hearing. Regardless, Appellant contends that the City's failure to serve Appellant with another copy of the Tax Claim and a copy of the hearing master's January 29, 2019 order continuing the Rule hearing mandates a set aside of the Property's sale. Appellant's argument relies on an unreported decision of this Court, *City of Philadelphia v. Moore* (Pa. Cmwlth., No. 128 C.D. 2016, filed February 6, 2017).

In *Moore*, the purchaser of real property sold at a sheriff's sale failed to pay the purchase price within 30 days. As a result, the sheriff filed a writ of return indicating that the purchaser had not complied with the terms of the sale. Thereafter, the owner of the real property became aware of the sheriff's sale proceedings and, allegedly, paid the outstanding real estate taxes. The purchaser subsequently filed a motion to intervene, which sought to complete the terms of the sheriff sale. The trial court scheduled a hearing and directed that the purchaser serve notice thereof on all interested parties. The purchaser only served the owner at the property, despite

9

knowing that the owner did not reside there. Following the hearing, which the owner did not attend, the purchaser was permitted to pay the balance of the sale price.

Approximately eight months after the sheriff acknowledged the deed, the owner filed a motion to vacate the sale, which the trial court denied as untimely. This Court reversed the trial court and remanded for further proceedings. We reasoned that the purchaser only attempted to serve the owner notice of the hearing at the property upon which the owner no longer resided, guaranteeing that she would not appear at the hearing. We also noted that the trial court failed to confirm whether the facts stated in the original tax sale petition were correct and to inquire as to whether any taxes remained due at the time of the hearing.

*Moore* is factually distinct from the instant appeal, as Appellant's untimely Petition was not due to lack of notice that the Property was sold. Mr. Francis conceded during his testimony at the February 9, 2022 hearing that he was aware in the latter part of 2019 that the Property had been sold. Despite that knowledge, Appellant's Petition was not filed until two years later, on December 16, 2021. Appellant's apparent excuse for not filing the Petition in a timely manner is that Mr. Francis hoped to resolve the matter without the involvement of legal counsel. Additionally, the trial court here found that the City properly made original service of the Tax Claim and the Rule and that Appellant owed the real estate taxes and municipal liens identified in the Tax Claim.

Having reviewed the record in the instant appeal, we hold that the trial court did not abuse its discretion in concluding that the City complied with the strict service requirements of Section 39.2. Appellant has not denied that the North Holly Street Address is its registered address or that the Sicklerville, New Jersey, P.O. Box is a valid alternate address. Appellant does not dispute that the City mailed

10

Appellant copies of the Tax Claim and Rule by first-class and certified mail, return receipt requested, on August 6, 2018, to the North Holly Street Address and to Appellant's Sicklerville, New Jersey P.O. Box, or that the City posted copies of the Tax Claim and Rule on the Property on August 21, 2018. Appellant has not challenged the sufficiency of the April 2, 2019 Rule hearing, the findings and recommendations of the hearing master issued after the hearing, the trial court's independent inquiry into the City's strict compliance with Section 39.2, the evidence submitted by the City demonstrating its strict compliance with Section 39.2, or the truth of the matters asserted in the City's Tax Claim. Indeed, Appellant has not even denied that it received copies of the October 9, 2018, December 4, 2018, and January 19, 2019 continuance notices from the OJR, as indicated by the trial court's docket sheet.[10]

Any service requirements dictated by the hearing master in her January 29, 2019 order should not be conflated with the original service of process requirements set forth in Section 39.2 of the MCTLA. The City complied with the requirements of Section 39.2 when it initially filed the Tax Claim, and the City's failure to re-serve Appellant an additional copy of the Tax Claim or a copy of the January 29, 2019 order does not defeat the City's initial proper service.

Next, we address whether the trial court abused its discretion in denying Appellant's petition as untimely.

Section 39.3 of the MCTLA directs that a party wishing to contest the validity of a sheriff's sale conducted pursuant to Section 31.2 of the MCTLA, including the sufficiency of any notice, must file a petition to overturn the sale three months of the

---

[10] It is also noteworthy that Appellant has not denied the October 9, 2018 and December 4, 2018 continuances were made "[p]ursuant to the request of the parties[.]" O.R., Item Nos. 5-6.

11

acknowledgment of the deed to the premises by the sheriff. A trial court lacks jurisdiction to act on an untimely petition contesting any sale conducted pursuant to Section 31.2 of the MCTLA. *City of Philadelphia v. Jones*, 221 A.3d 737, 742 (Pa. Cmwlth. 2019).

It is undisputed that Appellant's Petition was not filed within three months of the sheriff's acknowledgment of the deed on August 16, 2019. Appellant argues, however, that because the City failed to comply with the hearing master's January 29, 2019 order, the trial court lacked jurisdiction to authorize the sale of the Property.

As discussed above, the City fully complied with the strict service requirements of Section 39.2 of the MCTLA. The City's failure to serve a copy of the hearing master's January 29, 2019 order or to re-serve the Tax Claim does not defeat its original service of process.

The trial court expressly rejected as not credible Mr. Francis's testimony that he was not aware that the real estate taxes for the Property were delinquent or that he did not realize the Property had been sold. The trial court, as the finder of fact, has exclusive authority to weigh the evidence, make credibility determinations, and draw reasonable inferences from the evidence presented. *Picknick v. Wash. Cnty. Tax Claim Bureau,* 936 A.2d 1209, 1212 n.1 (Pa. Cmwlth. 2007). In fact, Mr. Francis admitted that he knew in late 2019 that the Property was sold, and that he attempted to settle the matter with either the City or Intervenor.

Appellant has failed to identify circumstances that would justify ignoring the three-month limitation in Section 39.3 of the MCTLA for contesting the Property's sale at a sheriff's sale. Therefore, the trial court did not abuse its discretion by denying Appellant's Petition as untimely.

## IV.  Conclusion

The City served Appellant with copies of the Tax Claim and the Rule in strict compliance with Section 39.2 of the MCTLA.  Appellant's Petition seeking to set aside the Property's sale was untimely, having been filed more than two years after the three-month deadline for contesting the sale expired.  Accordingly, we affirm the trial court.

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 229 C.D. 2022 |
| | : | |
| Abby's Real Estate Investments | : | |
| and Philadelphia Land Bank | : | |
| | : | |
| Appeal of: Abby's Real Estate | : | |
| Investments | : | |

# **O R D E R**


AND NOW, this 28th day of August, 2024, the February 9, 2022 order of the
Court of Common Pleas of Philadelphia County is hereby AFFIRMED.


ELLEN CEISLER, Judge